UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI,

Plaintiff

v.

CA NO. 2005 - ____

CA 06 61 T

LAUREN MATARESE; FRANK BRANCATO; EDWARD MELLO, in his capacity as Chief of Police for the Town of Westerly; ETSUKO MOTOKI ZUCZEK, in her capacity as Finance Director for the Town of Westerly; JOHN DOE 1 THROUGH JOHN DOE 5; JANE DOE 1 THROUGH JANE DOE 5

Defendants

COMPLAINT

This case seeks redress under Title 42, section 1983 of the United States Code for violation of Charles Mauti's rights under the fourth and fourteenth amendments to the United States Constitution by reason of his custodial arrest on May 10, 2005 without probable cause for a minor traffic infraction which Rhode Island law classifies as a civil violation. The Complaint includes state law tort claims based upon the same incident.

Parties

1. Plaintiff Charles Mauti is a resident of the Town of Westerly, Rhode Island. Mr. Mauti is employed by the Town of Hopkinton, Rhode Island, as its Building and Zoning Official.

2. At the time of the incident described in this complaint, Defendant Lauren Matarese was employed by the Town of Westerly as a police officer. This Complaint is brought against her in her official capacity as such, and individually.

3. Defendant Frank Brancato is employed by the Town of Westerly as a police officer. This Complaint is brought against him in his official capacity as such, and individually.

4. Defendant Edward Mello is the Chief of Police for the Town of Westerly. This Complaint is brought against him in his official capacity as such.

5. Defendant **Etsuko Motoki Zuczek** is the Finance Director for the Town of Westerly. Counts 2 through 4 of this Complaint are brought against her in her official capacity as such.

6. The John Doe and Jane Doe defendants are individuals and / or entities, of whose identities plaintiff is currently unaware, that instigated, procured, directed or ratified the actions of defendants Matarese and Brancato, or who otherwise acted in concert with them with regard to their actions described of in this Complaint to an extent sufficient to find them liable to the Plaintiff.

## Jurisdiction

7. This Court has subject matter jurisdiction over the claims in Counts 1 and 2 of this Complaint under 28 U.S.C. § 1331 (federal question) and over the state law claims contained in Counts 2 through 4 under the doctrine of pendent jurisdiction.

8. This Court has personal jurisdiction over the defendants as the acts giving rise to the claims asserted all occurred within the State of Rhode Island, and the plaintiff and defendants all reside and / or are employed in the State of Rhode Island.

## General Factual Allegations Pertaining to All Counts

9. Plaintiff Charles Mauti is employed as the Building and Zoning official for the Town of Hopkinton, a position he has held since 1998.

10. On the morning of May 10, 2005, Mr. Mauti was driving from his home in Westerly, Rhode Island, to his office in the Hopkinton Town Hall.

11. Because of a construction project along the side of Route 3, Mr. Mauti was driving slowly in accordance with the posted reduced speed limit.

12. As he was passing through the construction zone, Mr. Mauti noticed a black car on the opposite side of Route 3.

13. After he went past the black car, Mr. Mauti noticed that it had immediately turned around and was directly behind his car.

14. He then saw that it had turned on flashing lights and recognized it as an unmarked police car. Mr. Mauti pulled his car over to the side of the road in full view of traffic in both directions.

15. Defendant Matarese got out of the unmarked car and approached Mr. Mauti's car at the driver side window.

16. Mr. Mauti asked defendant Matarese why he was being stopped.

17. Matarese said that a construction worker had pointed at his vehicle. She said nothing further in response to his question, except to add that when she looked again the construction worker was not there.

18. Matarese then asked Mr. Mauti for his driver's license, vehicle registration, and proof of insurance. Mr. Mauti gave her all three documents.

19. At the time he was stopped by defendant Matarese, Mr. Mauti had a valid Arizona driver's license. He lived in Arizona before moving to Rhode Island.

20. Matarese took Mr. Mauti's drivers license and registration and returned to her car.

21. When Matarese returned to Mr. Mauti's car she told him that it was a violation of Rhode Island law not to have a Rhode Island driver's license if you have lived in the state for more than thirty days.

22. Matarese ordered Mr. Mauti out of his car and led him to the back of her car. She left Mr. Mauti in the custody of defendant Brancato, who had arrived after Mr. Mauti had been stopped and had parked his police car behind that of defendant Matarese.

23. Defendant Brancato told Mr. Mauti to empty his pockets, which Mr. Mauti did. Brancato then took possession of Mr. Mauti's wallet, cell phone, and other items.

24. Mr. Mauti asked defendant Brancato if he was being arrested, and Brancato answered that he was.

25. Brancato then put Mr. Mauti in the back of his marked police car and drove him to the Westerly police station.

26. Neither Matarese nor Brancato sought or obtained a warrant to arrest Mr. Mauti.

27. The booking process that Mr. Mauti went through at the Westerly police station lasted approximately one hour. Mr. Mauti was finger-printed by defendant Matarese, and photographed by defendant Brancato.

28. After the booking process was completed, Mr. Mauti's possessions, including his Arizona driver's license, were returned to him.

29. He was also given a Summons requiring him to appear in Fourth Division District Court on May 20, 2005. The Summons issued to Mr. Mauti by the Westerly Police Department listed the "CRIME" as "No License."

30. Following his "booking," defendant Matarese drove Mr. Mauti to the offices of the Department of Motor Vehicles in Westerly, where Mr. Mauti applied for a Rhode Island driver's license and obtained a temporary driver's permit.

31. Mr. Mauti received his temporary permit immediately without having to take a driving test because he turned in his valid Arizona license to the Department of Motor Vehicles with his application for a Rhode Island license.

32. On May 20, 2005 the Town of Westerly filed a one count Criminal Complaint against Mr. Mauti in Fourth Division of the Rhode Island District Court ("District Court"). Defendant Matarese was the Complainant.

33. The Complaint charged Mr. Mauti with violation of R.I.G.L. § 31-10-1. The charging portion of the Complaint was filled out as follows:

| COUNT 1 | STATUTE(S) VIOLATED 31-10-1 | ☐ FELONY | XX MISDEMEANOR | ☐ VIOLATION | ☐ ORDINANCE |
|---|---|---|---|---|---|

DRIVING WITHOUT A LICENSE

"Did operate a motor vehicle on a highway within this State, to wit High Street, so-called, in the Town of Westerly, at a time when he did not have a valid RI license to operate a motor vehicle, in violation of RIGL 31-10-1 as amended."

34. R.I.G.L. § 31-27-13(a) classifies failure to comply with any provisions of Chapters 1 through 27 or chapter 34 of Title 31 as a "civil violation," unless violation of a particular section is expressly classified as a felony or a misdemeanor, or is punishable by imprisonment or by a fine of more than five hundred dollars.

35. Failure to comply with R.I.G.L. § 31-10-1 is not classified as a felony or misdemeanor, and is not punishable by imprisonment or by a fine of more than five hundred dollars.

36. Failure to comply with R.I.G.L. § 31-10-1 is a civil violation.

37. Failure to comply with R.I.G.L. § 31-10-1 is not a criminal offense.

38. Mr. Mauti filed a Motion with the District Court seeking dismissal of the Complaint on the grounds that (1) there was no probable cause to arrest him and (2) that violation of R.I.G.L. § 31-10-1 was not within the jurisdiction of the District Court because it is a civil violation and not a criminal offense.

39. The Town of Westerly objected to the Motion to Dismiss and filed a memorandum in opposition to the Motion.

40. The Town of Westerly's Complaint against Mr. Mauti was dismissed by the District Court on May 27, 2005.

41. The District Court also entered an Order sealing the record of the case, and requiring *inter alia* that all records of Mr. Mauti's arrest be destroyed and/or expunged from the records of the Town of Westerly, the Attorney General's office, the Bureau of Criminal Identification, and the Rhode Island State Police.

42. In his capacity as Chief of Police for the Town of Westerly, Edward Mello is charged with and responsible for the training and supervision of the members of the Westerly Police Department.

43. In effecting the custodial arrest of Mr. Mauti, defendants Matarese and Brancato were acting within the scope of their employment as police officers for the Town of Westerly.

44. In effecting the custodial arrest of Mr. Mauti, defendants Matarese and Brancato were acting pursuant to an established policy or practice of the Town of Westerly to charge violations of R.I.G.L. § 31-10-1 as a criminal offense.

45. In effecting the custodial arrest of Mr. Mauti, defendants Matarese and Brancato acted under color of law.

## COUNT 1
## UNITED STATES CODE, TITLE 42, § 1983
[United States Constitution, Fourth and Fourteenth Amendments]

46. Mr. Mauti's custodial arrest without probable cause by defendants Matarese and Brancato violated his rights to be free from unreasonable searches and seizures under the fourth and fourteenth amendments to the United States Constitution.

47. Mr. Mauti was injured by the actions of the defendants.

Wherefore, Mr. Mauti requests judgment against defendants for compensatory and punitive damages as merited by proof at trial, an award of attorneys fees pursuant to 42 U.S.C. § 1988, and such further relief as the Court deems appropriate.

## COUNT 2
## UNITED STATES CODE, TITLE 42, § 1983
[United States Constitution, Fourth and Fourteenth Amendments]

48. Mr. Mauti's custodial arrest for failure to comply with R.I.G.L. § 31-10-1 violated his rights to be free from unreasonable searches and seizures under the fourth and fourteenth amendments, and to due process of law under the fifth and fourteenth amendments, to the United States Constitution.

49. Mr. Mauti was injured by the actions of the defendants.

Wherefore, Mr. Mauti requests judgment against defendants for compensatory and punitive damages as merited by proof at trial, an award of attorneys fees pursuant to 42 U.S.C. § 1988, and such further relief as the Court deems appropriate.

## COUNT 3
## FALSE ARREST

50. Mr. Mauti's custodial arrest without probable cause constituted the tort of false arrest under Rhode Island law.

51. Mr. Mauti's custodial arrest for failure to comply with R.I.G.L. § 31-10-1 constituted the tort of false arrest under Rhode Island law.

52. Mr. Mauti was injured by the actions of the defendants.

53. Mr. Mauti gave the required statutory notice of his claim under this count to the Town of Westerly by letter dated October 19, 2005, addressed to the members of the Westerly Town Council, in care of the Westerly Town Clerk.

Wherefore, Mr. Mauti requests judgment against defendants for compensatory damages, punitive damages pursuant to R.I.G.L. § 12-7-14 as merited by proof at trial, and such further relief as the Court deems appropriate.

## COUNT 5
## NEGLIGENT TRAINING AND / OR SUPERVISION

54. The custodial arrest of Mr. Mauti by defendants Matarese and Brancato in the absence of probable cause resulted from a negligent failure on the part of defendant Mello, in his capacity as Chief of Police, adequately to train and / or supervise officers under his command.

55. The custodial arrest of Mr. Mauti by defendants Matarese and Brancato for an offense classified under Rhode Island law as a civil violation resulted from a negligent failure of defendant Mello, in his capacity as Chief of Police, adequately to train and / or supervise officers under his command.

56. By reason of defendant Mello's negligence, the Town of Westerly is liable for the actions of Matarese and Brancato.

57. Mr. Mauti was injured by the actions of the defendants.

58. Mr. Mauti gave the required statutory notice of his claim under this count to the Town of Westerly by letter dated October 19, 2005, addressed to the members of the Westerly Town Council, in care of the Westerly Town Clerk

Wherefore, Mr. Mauti requests judgment against defendants for compensatory and punitive damages as merited by proof at trial, and such further relief as the Court deems appropriate.

## COUNT 6
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Defendants by their extreme and outrageous conduct caused severe emotional distress to Mr. Mauti.

60. Defendants acted intentionally or in reckless disregard of the probability of their actions causing such emotional distress.

61. Defendants are liable in damages for such emotional distress, and for the physical harm and consequent medical expense that resulted from it.

62. Mr. Mauti gave the required statutory notice of his claim under this count to the Town of Westerly by letter dated October 19, 2005, addressed to the members of the Westerly Town Council, in care of the Westerly Town Clerk.

Wherefore, Mr. Mauti requests judgment against defendants for compensatory and punitive damages as merited by proof at trial, and such further relief as the Court deems appropriate.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS

Charles Mauti
By his Attorneys,

John P. Gyorgy 3560
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com