Working Copy

# OLENN & PENZA

ATTORNEYS AT LAW - LLP

May 19, 2006

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

Re: Charles Mauti v. Lauren Matarese, et al
Our File No.: 6615/8

Dear Mr. Gyorgy:

In follow up from our conference in late March, please consider this as my voluntary disclosure response to the items you requested.

1. <u>NCIC and/or RILETS Checks</u>

You inquired whether the Westerly Police Department made any NCIC checks on the plaintiff prior to the stop. RILETS checks were done from a Westerly unit at the time of the stop. A RILETS check was also done from dispatch on May 9, 2005 at 1:35 P.M. I have enclosed a copy of these for you.

2. <u>Prior Custodial Arrests for a Similar Charge</u>

This one was a little more difficult to obtain information on because at some point, it would require someone to go through voluminous documents to retrieve actual reports, etc. However, looking at computer data for the prior three years, it appears that there have been at least six custodial arrests for persons operating without a license. What I do not know, without having the actual reports, is whether any of those persons had a similar fact pattern to Mr. Mauti, i.e. living in Rhode Island for some period of time after having been previously issued a license from another state.

3. <u>Departmental Arrest Policy</u>

I have enclosed a copy of the arrest policy. It pretty much tracks state law. There is no separate policy dealing with a specific case scenario as is involved in this matter.



B

I have still not received your voluntary disclosure. At a minimum, you indicated you would be producing the district court filings and records relating to the arrest and subsequent proceedings. At our conference, you mentioned some medical records but indicated you were not sure whether they related to this matter or another matter, and you were going to follow up on that.

We also need to agree on an ADR method and advise Judge Torres of the same at the initial conference. My inclination is to suggest a settlement conference with the magistrate judge. However, if you have had the occasion to read the case I gave to you on the related crimes defense, and if you have any inclination that I may have a decent summary judgment argument, then perhaps mediation might be a viable selection.

I look forward to receiving your voluntary disclosure and your thoughts on the other issues raised in this letter.

Very truly yours,

Michael J. Colucci
*mjc@olenn-penza.com*

MJC:ljc \letters\66158Gyorgy
Enclosures