# ARREST

## GENERAL CONSIDERATIONS AND GUIDELINES

As the power to arrest deprives a person of liberty and freedom, it is one of the most serious responsibilities of a police officer and whenever possible an arrest should be made with a valid warrant.

An arrest is defined as the taking of a person into custody for the purpose of answering to a charge of crime or to prevent any person from harming himself or others. The arresting officer must have lawful authority to make the arrest and must exercise that authority in a lawful manner.

In addition to having lawful authority, an officer must also have probable cause to make an arrest. "Probable cause" means that the information within the officer's knowledge is sufficient for a reasonable and prudent person to believe that a crime is occurring or has occurred, and that the person being arrested is committing or has committed the crime for which the arrest is being made.

It should always be recognized that there is no such thing as a "routine" arrest. Because of the unpredictability of human behavior, there is a potential element of danger in every arrest and all officers must guard against this possibility. Life-threatening struggles have resulted from what appeared to be a simple misdemeanor.

All constitutional and statutory rights must be afforded to all arrested persons at the time of arrest and immediately thereafter.

## I. ARREST WITH A WARRANT

An arrest warrant is a process, issued in the name of a legal authority and directed to officers authorized to serve criminal process, commanding them to take an individual into custody.

Before issuing the warrant, the authorized official must have probable cause to believe that an offense has been committed and that the person sought to be arrested committed it.

The name, or a sufficient description of the person to be arrested, must appear in the arrest warrant. Therefore, so called "John Doe" warrants, without such description, are illegal and void. The substance of the charge should appear in the warrant, and a copy of the complaint attached if possible. Service of the arrest warrant should be made promptly to prevent possible dismissal of a complaint or indictment.

## II. ARREST WITHOUT WARRANT

This aspect of arrest merits more detailed study because of the subjective factors involved. Objection to an arrest will more likely be made by defense counsel when the arrest is without a warrant. It should also be noted that if an unlawful arrest is made, any search made incidental to the arrest will be found unlawful and any evidence seized declared inadmissible.

Arrest without a warrant is constitutionally valid when probable cause exists for that arrest. Probable cause requires more than mere suspicion but does not require evidence which would justify a conviction.

Whether or not the arrest is based on probable cause will depend on a variety of factors, and, unless the offense is committed in the officer's presence, usually no single fact alone is controlling.

Of great importance, therefore, is the totality of circumstances surrounding the arrest. Each officer should be aware of the type of circumstances which have been looked to in establishing probable cause:

1. direct observations of the police officers;
2. knowledge of the prior criminal record or bad reputation of the person arrested;
3. flight;
4. evasive answers and/or conflicting stories;
5. time of day or night;
6. experience of the officer;
7. reliable hearsay.

Hearsay statements often present additional problems. Usually, they are derived from three principal sources:

1. statements from the victims and/or witnesses;
2. statements from other police officers;
3. statements from informants;

It is this latter source that is closely scrutinized when used to establish probable cause. The officer relying on the hearsay statement of an informer must show:

1. the circumstances establishing the reliability of the informer;
2. the circumstances establishing the reliability of the informant's information (the sources of his knowledge or a sufficiently detailed description of the accused's criminal activity).

When probable cause exists, police officers may arrest without a warrant any person they reasonably believe has committed or is committing a felony. The felony need not be committed in their presence. Police officers may arrest for a misdemeanor committed in their presence if it involves a breach of the peace and is (1) still continuing at the time or (2) only interrupted, so that the offense and arrest form part of the same transaction.

## PROCEDURES

1. An arrest should never be made to show authority or to vent personal feelings.
   a. Verbal abuse is never a sufficient justification for an arrest.
   b. Arrest should never be a substitute for resolving a problem when less severe methods are available.
2. Whenever possible, arrests should be made with a warrant.
   a. The officer must fill out a complaint and affadavit.
   b. The warrant must be obtained from the proper authority.
   c. The warrant must name the person(s) to be arrested and/or shall contain a sufficient description thereof.
   d. The warrant should contain the substance of the charge against the person(s) to be arrested.
3. Arrest without a warrant shall only be made when the arrest is authorized and:
   a. The arresting officer has probable cause and the arrest is for:
      (i) a felony committed in the officer's presence or on reasonable and justifiable belief that a felony has been or is being committed; or
      (ii) a misdemeanor amounting to a breach of the peace committed in the officer's presence; or

(iii) a misdemeanor not amounting to a breach of the peace committed in the officer's presence and the arrest is authorized by statute.

b. All officers should be able to point to specific factors which justify the arrest without warrant. Examples of such factors are:

(i) Did they see the crime being committed?

(ii) Did they see the suspect run away?

(iii) Did they receive prompt and direct replies to questions, or was the suspect vague and confused?

(iv) Have they had experience in similar situations?

(v) Did they receive information from other persons, and if so, were they certain of the reliability of such persons and the information received?

4. At the time of arrest, unnecessary conversation should be avoided and any orders or directions to the person(s) arrested should be clear and brief. However,

a. Arresting officers must identify themselves as police officers.

b. Whenever possible, the person(s) being placed under arrest must be expressly informed of the fact.

c. An officer must state the reason for the arrest and allow examination of the arrest warrant, if any, by the persons arrested or other person acting on their behalf. These procedures are not binding when the officer is met with resistance.

5. Arresting officers should not act in a careless or routine manner but take all necessary steps to ensure the safety of themselves and other persons. Such steps include but are not limited to:

a. Obtaining assistance when necessary whether before or after the arrest; this is particularly advisable when:

(i) there is more than one person to be arrested;

(ii) a dangerous crime is involved, usually a felony of a serious nature;

(iii) prior experience has shown the need for assistance in particular situations;

b. searching for and seizing any instruments capable of inflicting serious bodily injury or causing death;

c. making a search of the area within the immediate reach and control of the person(s) arrested;

d. keeping the person(s) arrested in front of the officer at all times. If more than one officer is present, the additional officer shall never pass or stand between the arresting officer and the person arrested.

6. Force should only be used when there is resistance or reasonable certainty of resistance. The amount of force shall be restricted to that which is reasonable, necessary, and proper for the safe custody of the prisoner, or for overcoming any resistance that may be offered.

7. Once an arrest is made it is the responsibility of the arresting officer or officers to ensure that prisoners do not injure themselves or others, and that they do not escape or dispose of evidence.

8. Persons arrested shall be given the MIRANDA WARNINGS prior to interrogation regarding guilt.

a. The warnings are as follows:

(i) that they have a right to remain silent;

(ii) that anything they say may be used against them in court;

(iii) that they have a right to talk to a lawyer immediately and to have a lawyer present during any questioning;

(iv) that if they cannot afford a lawyer, the State will provide one at State expense;

(v) that they understand each of the rights explained to them;

(vi) that, having these rights in mind, do they wish to talk?

b. The warnings should be read from a card or other permanent record of them to ensure that none are omitted. This procedure is beneficial for other reasons:

(i) The card itself can later be introducted as evidence.

(ii) Officers have tangible proof that they have not relied solely on memory.

(iii) The suspect can also be allowed to read the card.

Each officer giving the warning shall ask and verify that the person arrested has heard and understood the warnings so given.

c. No questioning of arrested persons shall take place until the warnings have been given. However, officers must note that the Miranda Warnings are aimed at "custodial interrogation". Therefore, if suspects freely choose to divulge information without questioning, there is no violation of rights simply because they were not given these warnings. There is no requirement that an officer prevent suspects from continuing to talk and, whenever statements are made voluntarily and with no compulsion, such statements shall be noted. However, if an officer wishes to gain further information through questioning, the warnings shall be given before pursuing the matter further.

9. The person(s) arrested shall be promptly and safely transported to the station house in accordance with departmental procedures.

a. If the arresting officer is without assistance, the arrested person shall be handcuffed and placed in the front seat of the cruiser (seat belts may be utilized as an additional restraint).

b. If the arresting officer is accompanied by another officer, the arrested person shall be handcuffed and placed in the right rear seat of the cruiser and the accompanying officer shall occupy the seat immediately to the rear of the officer driving.

10. The person(s) arrested shall be brought to court immediately if it is in session or, if it is not, at the next regular sitting of the court.