# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

**CHARLES MAUTI,**

**v.** **CA NO. 06-61T**

**LAUREN MATARESE, ET AL.**

## NOTICE OF APPEAL OF MAGISTRATE-JUDGE'S MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule Cv 72, Plaintiff Charles Mauti hereby gives notice of his appeal from the Memorandum and Order dated October 16, 2006 granting in part and denying in part his Motion to Compel Production of Documents by the Town of Westerly. To the extent the Memorandum and Order denied Plaintiff's Motion to Compel Production with respect to Requests 2, 3, 8, 11 through 18, and 22, Plaintiff submits that it is clearly erroneous and contrary to law.

A copy of the Memorandum and Order setting forth the Magistrate-Judge's reasons for his rulings is attached to the accompanying Memorandum of Law as Exhibit A. A copy of the Defendant's Responses and Objections to the Plaintiff's Requests for Production is attached to the Memorandum as Exhibit B.

**Charles Mauti**
By **his** Attorneys,

/s/ John P. Gyorgy
John P. Gyorgy 3560
John R. Harrington 7173
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com

**Certification**

I hereby certify that on October 30, 2006, I sent a copy of the foregoing document to the following counsel of record through the Court's ECF filing system:

Michael Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy 3560

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

**CHARLES MAUTI,**

**vi.** **CA NO. 06-61T**

**LAUREN MATARESE, ET AL.**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF APPEAL OF MAGISTRATE-JUDGE'S MEMORANDUM AND ORDER REGARDING MOTION TO COMPEL

On October 16th Magistrate-Judge Almond issued a Memorandum and Order granting in part and denying in part Plaintiff Charles Mauti's Motion to Compel production of documents by the Town of Westerly. A copy of the Memorandum and Order is attached as Exhibit A to this Memorandum.

This appeal challenges the disposition of four specific requests – numbers 2, 3, 8, and 22, and the disposition of the group of requests numbered 11 through 18 that sought information concerning arrests made or citations issued by the two individual defendants and by the Westerly Police Department as a whole. The specific requests are addressed first, followed by the group of requests concerning arrest and citation data.

**Request 2**

> Documents relating to, describing or evidencing any regulations, policies, or procedures followed by the Town of Westerly Police Department (hereafter "Department"), including but not limited to any departmental or statewide policy or procedure manuals, handbooks, any supplements or amendments thereto, and internal memoranda.
>
> **Response:**
>
> > Objection. Overbroad and not related and/or limited to the issues involved in this complaint, or likely to lead to the discovery of admissible evidence.

The Plaintiff's claims under section 1983 are premised upon his illegal arrest by defendant's Matarese and Brancato, but the Complaint asserts claims against the Town of Westerly as well. The Memorandum and Order ignores the basic principle that municipal liability under section 1983 requires proof that the individual defendants acted pursuant to an established practice or policy of the Westerly Police Department governing the conduct of individual officers that results in the constitutional violation alleged. *E.g., City of Canton v. Harris,* 489 U.S. 378, 388-389 (1989). The applicable legal standard makes the regulations, policies, or procedures followed (or not followed) by Westerly's police officers ***not just relevant but central*** to those claims. This Request is directly related to that most basic issue, and goes no further.

Deposition testimony has established that each officer in the Westerly Police Department is issued a Policies and Procedures Manual. It has also established that the Policies and Procedures Manual in effect at the time of Mr. Mauti's arrest in May of 2005 was replaced in 2006 by a completely new Manual. The officer in charge of training for the Department testified that the "old" Policies and Procedures Manual had been collected and possibly destroyed. Defense counsel has ignored repeated requests to determine whether a copy of the old Manual still exists. See Plaintiff's Reply Memorandum in Support of Motion to Compel, at 6-7.

It is reasonable to assume that the Department's Policies and Procedures Manuals address some if not all of the issues raised by Mr. Mauti's claims in this case, such as arrest procedures, probable cause, traffic stops, the Rhode Island motor vehicle code, use of computerized criminal information databases, and the substance of and responsibility for training and supervision of officers in the Department. Indeed, the two page description of

the Department's arrest procedures produced as part of the initial disclosures in the case *appears* to have been removed from a three-ring binder. The two job descriptions produced at the same time may have also been part of the Manual. The defendants have not, however, identified the source of either of these documents, or indicated whether they were applicable at the time of Mr. Mauti's arrest. No basis exists for producing bits and pieces of what is treated by the Department as one integral document. The Plaintiff is entitled to a complete copy of the policies and procedures manual itself, not just the pieces of it that defense counsel picks and chooses.

**Request 3**

> Documents relating to, describing or evidencing any training or instruction of the members of the Department during the past five years that included any of the following subjects:
>
> a. arrest procedure
> b. arrest warrants
> c. probable cause
> d. traffic stops
> e. access to criminal information databases
> f. preparation of reports.

**Response:**

> Objection. Overbroad and not related and/or limited to the issues involved in this complaint, or likely to lead to the discovery of admissible evidence.

The Memorandum and Order granted the Motion to Compel with respect to substantive training materials only as to the individual defendants Lauren Matarese and Frank Brancato. Exhibit A, at 2. In refusing the allow discovery of any documents relating to training and training materials generally, the decision ignores Count 5 of the Complaint, which alleges that negligence in training and supervision by the Department led to Mr. Mauti's illegal arrest. Complaint, ¶¶ 54-57. That claim directly implicates the

*availability* of training generally throughout the Department. If training in basic substantive and procedural subjects was not made available, the Town would more likely be liable. Liability could also be found if substantive training *was* available, but no steps were taken to make certain members of the Department participated. In this light, the Magistrate-Judge's conclusion that *only* documents directly related to the two individual defendants should be produced is clearly erroneous. While what the individual defendants did is relevant, equally relevant may be what they *did not* do, either through choice or because the Department offered no training opportunities.

As with the "old" Policies and Procedures Manual, deposition testimony also indicated that some of the documents responsive to this request have been discarded since Mr. Mauti's arrest in May of 2005, some even after the filing of the Complaint in February of 2006. At the time of his deposition on September 8, 2006 – seven months after the Complaint was filed – the Department's "Director of Training" Sergeant Michael Turano had "just completed" the process of throwing away "dated" training material. Deposition of Michael Turano, September 8, 2006, at 12.[1] Ordering production of the remaining training materials may be the only means of preserving them until the time of trial.

**Request 8:**

> Documents relating to, describing or evidencing computer terminal identifiers, user identification codes, or other information that allows for identification of the persons who performed any such inquiries through RILETS, the NCIC, the Rhode Island Registry of Motor Vehicles, or the Rhode Island BCI and the equipment that they used.

**Response:**

[1] Copies of transcript excerpts were attached as exhibits to Plaintiff's Reply Memorandum in support of his Motion to Compel.

> Such documents, to the extent they exist, are not within the possession or control of the Westerly Police Department.

From the Memorandum and Order it is clear that the Magistrate-Judge accepted the Town's statement that it had nothing responsive to this Request. In doing so, he failed to address the fact that the Town's response was directly contradicted by deposition testimony from two of the Department's dispatchers, Karen Greber and Donald Cornell. Both Greber and Cornell testified to the existence of a two-inch thick notebook describing how to use the RILETS/NCIC System that they keep at their desks in the dispatch area. In addition, Mr. Cornell testified that he still has training materials from the last RILETS/NCIC training session he attended in 2003. Although defendant Matarese attended no fewer than three of the RILETS/NCIC sessions conducted by the state police, it seems likely that unless the training materials Mr. Cornell acknowledged he still has are ordered produced, nothing will be.

The dispatchers are the Department employees who deal with the RILETS/NCIC system all day long, handling requests for inquiries from patrol officers. Dispatch was the first place to look and the dispatchers were the first ones to ask in order to collect responsive documents. From all appearances, that was not done. In light of their testimony, the uncritical acceptance of the Town's representation with regard to this Request is clearly erroneous.

**Request 22:**

> Telephone records for the department-issued cell phones and pagers used by defendants Matarese and Brancato for the months of April, May, and June 2005.
>
> **Response:**
>
> > Objection, overbroad, unduly burdensome, and not limited to matters remotely related to this action.

This request sought three of the Police Department's telephone bills – for the months of April through June of 2005. In that light, the objection that the Request was "unduly burdensome" did not even merit a comment in the Memorandum and Order. However, instead of ordering production of the documents the Magistrate-Judge has left it to the defendants to identify the portions of the bills that they consider responsive, and to redact everything else. The defendants made no objection that would justify redacting portions of the bills, and there is no other basis for letting them identify what portions are responsive and what should be redacted. For that reason, the decision as to this Request is clearly erroneous.

**Requests 11 through 18: Arrest and Citation Data**

Requests 11 through 18 sought documents that will provide evidence of the policies and practices of the Westerly Police Department regarding the treatment of traffic offenses generally, and regarding violations of R.I.G.L. § 3 1-10-1 (the only charge against Mr. Mauti) specifically. In response to each of these requests the Town produced nothing, basing its refusal on the same blanket objection to each. Because the substance of these requests was similar, and the responses were identical, the individual Requests and Responses in this series are not reprinted here but can be found in the Defendant's Response to the document requests attached as Exhibit B.

The Memorandum and Order granted in part Requests 11 through 13, denied 14 and 15, and granted in part 16 through 18. Memorandum and Order at 3. In treating the series as disparate inquiries rather than a logical whole, the decision ignores the simple

solution offered by the testimony of Department members, a solution tacitly endorsed by the Advisory Committee Notes to Rule 26. The decision also unnecessarily *increases* the burden on the Town to respond. One of the Department's shift supervisors, Corporal David Lachapelle, testified that the Department has maintained for the past four years a computer database that contains information about every arrest and every traffic citation issued by WPD officers. Deposition of David Lachapelle, September 12, 2006, TR 22-28 (Exhibit D). According to Corporal Lachapelle, reports from that database covering the entire four year period and sorted by various criteria (including officer, type of offense, date) can be generated in a matter of minutes. *Id.*, TR 29-31.

Given the ready availability in this form of much of the information sought in Requests 11 through 18, the Town should be ordered to produce the database and a copy of the software used to access the information it contains. To do so entails practically no burden on the Town,[2] and at the same time allows for the Plaintiff's review and analysis of the information in the form in which it is maintained by the Department. While there may be follow-up requests for specific information based on that review and analysis, the use of the database will make those inquiries more focused and less time-consuming for all concerned.

The limits placed on these Requests by the Memorandum and Order serves no one's purpose. It fails to give the Plaintiff the data he needs to establish the pattern or practice of the police department that could provide the factual basis for municipal liability. It increases the burden on the Town, requiring the Department and defense counsel to distill information from the database into a form they consider responsive to

[2] The Department's Information Systems Manager, Paul Perrone, testified that the entire "records management" database occupies eleven gigabytes of memory on his computer. That amount of data would fit on two dual-layer DVDs. Deposition of Paul Perrone, TR 67.

the decision. And it raises serious questions about the admissibility of whatever evidence might be included in the responses as described in the decision. If the Plaintiff is to be able to test the statement defendant Matarese made to Corporal Lachapelle that people are arrested for violating R.I.G.L. § 31-10-1 "all the time," it can best be done through access to the database. *E.g.*, *Cellini v. City of Sterling*, 856 F. Supp. 1215, 1221 n.7 (E.D. Mich. 1994) (granting, subject to protective order, access to police records necessary to perform a statistical study in support of claimed policy or practice violating equal protection); *Soto v. Carrasquillo*, 878 F. Supp. 324, 328-29 D.P.R. 1995).

The amendment to Rule 26(b)(2) scheduled to become effective on December 1st of this year reflects the fact that such data compilations are as often as not (if not more often than not) the simplest, most effective, and least burdensome means of producing such information. It accordingly shifts the burden to the party from whom such discovery is sought to show "that the information is not reasonably accessible because of undue burden or cost." Even if such a showing is made, the Court will still have discretion to order such discovery. *Advisory Committee Notes*, Proposed Amendment to [Rule 26] subdivision (b)(2). Given the testimony of Corporal Lachapelle, it is clear that production of the database itself, rather than a series of responses presumably to be derived from that database, is ***less* of a** burden on the Town than the alternative set out in the Memorandum and Order. For that reason, failure to order production of the database was clearly erroneous.