UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI :
:
v. : C.A. No. 06-61T
:
LAUREN MATARESE, et al. :

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion to Compel Production of Documents. (Document No. 14). The Motion is directed at Request Nos. 1-8 and 10-23 – a total of twenty-two disputed requests. A lengthy hearing was held on October 13, 2006. Plaintiff's Motion is GRANTED in part and DENIED in part as specified below.

**Discussion**

At the hearing, counsel for both sides attempted to support their respective positions, in part, by giving this Court a preview of what they intend to file in the future. Plaintiff's counsel represented that he intends to move for leave to amend the Complaint to add claims under 42 U.S.C. § 1983 of First Amendment retaliation/conspiracy and a new Defendant – Hopkinton Police Chief John Scuncio. Defendants' counsel represented that he intends to seek permission to file a motion for summary judgment challenging liability and asserting qualified immunity. He also represented that he intends to move for a protective order restricting discovery due to the existence of qualified immunity.

While the Court appreciates the previews of coming attractions, it will decide Plaintiff's Motion based on what exists (the Complaint, Plaintiff's Motion to Compel and supporting/opposing Memoranda) and not on what may come in the future. After listening to the lengthy arguments of counsel, reviewing their legal memoranda and performing independent research, this Court decides Plaintiff's Motion as follows:

**Request No. 1.** GRANTED. Defendants shall supplement their prior response with any additional responsive documents which are in existence or can be "unblocked" and electronically retrieved.

**Request No. 2.** DENIED. The request as drafted is overbroad.

**Request Nos. 3 and 4.** GRANTED, but only as to Defendants Matarese and Brancato and as to the subjects noted in Request 3(a)-(f).

**Request No. 5.** GRANTED.

**Request No. 6.** DENIED.

**Request No. 7.** GRANTED in part. Defendants shall retrieve and produce the results (i.e., the terminal screen display) of the May 9 and 10, 2005 RILETS checks regarding Plaintiff.

**Request No. 8.** DENIED based on Defendants' representation in their response that such documents, if any exist, are not within their possession or control.

**Request No. 10.** DENIED. The Traffic Stops Statistics Act (R.I. Gen. Laws § 31-21.1-1, et seq.) applies to "each traffic stop" made by a law enforcement agency regardless of the reason. Since this case focuses on an arrest made under R.I. Gen. Laws § 31-10-1, the Request is overbroad.

**Request No. 11-13.** GRANTED in part. Defendants shall retrieve such data from its existing computer data base which, according to Defendants' counsel, goes back approximately four (4) years.

**Request Nos. 14 and 15.** DENIED. The Request for documents regarding "all traffic stops, citations issued and arrests made" by Defendants Matarese and Brancato in the past five years is overbroad.

**Request Nos. 16-18.** GRANTED in part. Defendants shall respond only as to incidents involving claimed violations of R.I. Gen. Laws § 31-10-1.

**Request Nos. 19-20.** DENIED. Overbroad.

**Request No. 21.** GRANTED in part. Plaintiff has not made any showing of relevance as to Defendant Brancato and the Motion is DENIED as to him. As to Defendant Matarese, Defendants claim that the requested personnel records are "protected from publication by the Rhode Island Law Enforcement Bill of Rights [R.I. Gen. Laws § 38-2-2(m) and Rhode Island's Access to Public Records Act [R.I. Gen. Laws § 38-2-2(4)(i)(A)(1)]." However, neither these statutes nor the cases cited in Defendants' Memorandum stand for the proposition that such records are immune from discovery in civil litigation.

**Request No. 22.** GRANTED in part. At the hearing, Plaintiff's counsel withdrew the Request as to Defendant Brancato. As to Defendant Matarese, Defendants shall produce records of the existence of any calls or pages by and between Defendant Matarese and the Hopkinton Police Department or Chief John Scuncio. All other calls/pages may be redacted from the records.

**Request No. 23.** GRANTED. DEFENDANTS SHALL SUPPLEMENT THEIR PRIOR RESPONSE WHICH WAS BASED ON THEIR INITIAL NARROW READING OF THE REQUEST.

**Conclusion**

As noted above, Plaintiff's Motion to Compel (Document No. 14) is GRANTED in part and DENIED in part. Defendants shall respond as required by this Order within twenty (20) days. LR Cv 37(b).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 16, 2006