MJC:ljc:co 6615/8 \pleading\66158Responses

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES MAUTI :
:
VS. : C.A. NO. 06-61T
:
LAUREN MATARESE, ET AL :

**DEFENDANT EDWARD MELLO'S RESPONSE TO REQUEST FOR PRODUCTION DATED JUNE 28, 2006**

Now comes the defendant, Edward Mello, in response to plaintiff's request for production dated June 28, 2006, and responds as follows:

**Request No. 1:** Documents relating to, describing or evidencing Mr. Mauti's arrest on May 10, 2005.

**Response:** Produced are the following documents:

- Arrest Report No. 05-393-AR;
- Citation/Violation Ticket No. 05-504-000531;
- District Court Summons for appearance on May 20, 2005;
- District Court Criminal Complaint No. 05-001882;
- Notice of court dates;
- Bail and recognizance conditions;
- Letter dated May 23, 2005, from Lise Gescheidt to Leo Manfred;

**Request No. 2:** Documents relating to, describing or evidencing any regulations, policies, or procedures followed by the Town of Westerly Police Department (hereafter "Department"), including, but not limited to any departmental or statewide policy or procedure manuals, handbooks, any supplements or amendments thereto, and internal memoranda.

**Response:** Objection. Overbroad and not related and/or limited to the issues involved in this complaint, or likely to lead to the discovery of admissible evidence.

**Request No. 3:** Documents relating to, describing or evidencing any training or instruction of the members of the Department during the past five years that included any of the following subjects:

a. arrest procedure;

b. arrest warrants;

c. probable cause;

d. traffic stops;

e. access to criminal information databases; and

f. preparation of reports.

**Response:** Objection. Overbroad and not related and/or limited to the issues involved in this complaint, or likely to lead to the discovery of admissible evidence.

**Request No. 4:** Documents relating to, describing or evidencing the training of Lauren Matarese and Frank Brancato, whether conducted by the Department, the Municipal Police Training Academy, or any other agency or individual, including, but not limited to transcripts of attendance, grades or other records of performance, courses of instruction, descriptions of course work or materials, and certificates or diplomas.

**Response:** Produced: Matarese - Beta Stamp #'s 1 - 54; Brancato - Beta Stamp #'s 55 - 65.

**Request No. 5:** Documents relating to, describing or evidencing policies, procedures, or rules followed by the Department with respect to access to and use of the databases maintained by or made available through the Rhode Island Law Enforcement Telecommunications System (RILETS), the National Criminal Information Center (NCIC), the Rhode Island Registry of Motor Vehicles, or the Rhode Island Bureau of Criminal Identification (BCI), or which describe, interpret, or decipher the coded inputs and outputs of any of these databases.

**Response:** Objection, overbroad as to databases not alleged or shown to have been used in connection with the plaintiff. As to the RILETS database, objection, as the same is immaterial and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke*, 697 A.2d 1069 (R.I. 1997).

**Request No. 6:** Documents relating to, describing or evidencing any audits of the Department's access to and use of the databases maintained by or made available through RILETS,

the NCIC, the Rhode Island Registry of Motor Vehicles, or the Rhode Island BCI for the past five (5) years, whether conducted by the Department or another agency, including audit procedures and/or audit results.

**Response:** Objection, overbroad as to databases not alleged or shown to have been used in connection with the plaintiff. As to the RILETS database, objection, as the same is immaterial and not concluded to lead to the discovery of admissible evidence, see *State v. Bjerke*, 697 A.2d 1069 (R.I. 1997).

**Request No. 7:** Documents relating to, describing or evidencing any inquiries made by any member of the Department or other Town employee regarding Charles Mauti using the databases maintained by or made available through RILETS, the NCIC, the Rhode Island Registry of Motor Vehicles, or the Rhode Island BCI.

**Response:** See RILETS checks previously produced by defense counsel on or about May 19, 2006, and reproduced here.

**Request No. 8:** Documents relating to, describing or evidencing computer terminal identifiers, user identification codes, or other information that allows for identification of the persons who performed any such inquiries through RILETS, the NCIC, the Rhode Island registry of Motor Vehicles, or the Rhode Island BCI, and the equipment that they used.

**Response:** Such documents, to the extent they exist, are not within the possession or control of the Westerly Police Department.

**Request No. 9:** Documents relating to, describing or evidencing any investigation by the Town of Westerly (including, but not limited to the Department) of any improper use of the databases maintained by or made available through RILETS, the NCIC, the Rhode Island Registry of Motor Vehicles, or the Rhode Island BCI by Department personnel to obtain information about Mr. Mauti.

**Response:** None.

**Request No. 10:** Documents prepared by the Department and submitted to the Attorney General pursuant to the "Traffic Stops Statistics Act," R.I.G.L. 31-21.1-1.

**Response:** Objection, overbroad and not calculated to lead to the discovery of admissible evidence.

**Request No. 11:** Documents relating to, describing or evidencing any arrests by members of the Department for the violation of R.I.G.L. §31-10-1(a) during the past five years.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 12:** Documents relating to, describing or evidencing any citations issued by members of the Department for the violation of R.I.G.L. §31-10-1(a) during the past five years.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 13:** Documents relating to, describing or evidencing any misdemeanor prosecutions by the Town of Westerly based upon violation of R.I.G.L. §31-10-1(a) during the past five years.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 14:** Documents relating to, describing or evidencing all traffic stops, citations issued, and arrests made by defendant Matarese during the past five years.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 15:** Documents relating to, describing or evidencing all traffic stops, citations issued, and arrests made by defendant Brancato during the past five years.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 16:** Documents relating to, describing or evidencing any traffic citations issued by members of the Department within the last two years, including the specific statutory offense charged.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 17:** Documents relating to, describing or evidencing any custodial arrests by members of the Department for violation of any section of Title 31 of the Rhode Island General Laws within the last two years, including the specific statutory offense charged.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 18:** Documents relating to, describing or evidencing any misdemeanor prosecutions by the Town of Westerly based upon violation of any section of Title 31of the Rhode Island General Laws within the last two years, including the specific statutory offense charged.

**Response:** Objection, overbroad, immaterial, and not calculated to lead to the discovery of admissible evidence, see *State v. Bjerke,* infra.

**Request No. 19:** Documents relating to, describing or evidencing the job responsibilities of the members of the Department, including, but not limited to those specifically applicable to defendants Matarese and Brancato.

**Response:** Objection, as the same relates to officers other than Matarese and Brancato. As to Matarese and Brancato, job descriptions of captain and patrolman are produced.

**Request No. 20:** Documents listing all Department personnel, including support personnel, with job titles and responsibilities.

**Response:** Objection, overbroad, unduly burdensome, and violative of Rhode Island's Access to Public Records Act.

**Request No. 21:** Documents relating to, describing or evidencing any suspension, investigation, reprimand, or other discipline of either defendant Matarese or defendant Brancato by the Department during the last ten years, including, but not limited to Matarese's suspension and/or administrative leave from the Department in or about November, 2005.

**Response:** Objection, such records, to the extent they exist, are protected from publication by the Rhode Island Law Enforcement Officers Bill of Rights and Rhode Island's Access to Public Records Act.

**Request No. 22:** Telephone records for the department issued cell phones and papers used by defendants Matarese and Brancato for the months of April, May, and June, 2005.

**Response:** Objection, overbroad, unduly burdensome, and not limited to matters remotely related to this action.

**Request No. 23:** Records of any communications to or from defendants Matarese and/or Brancato on May 9th and May 10th, 2005.

**Response:** None.

DEFENDANT, EDWARD MELLO,
By his Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 8/8/06 to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903