MJC:tsp 6615/8 \pleadings\66158appeal.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

Now come the defendants in response to the plaintiff's appeal of that memorandum and order issued by Magistrate Judge Almond on October 16, 2006, and request that the appeal be denied. In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By theirAttorney,

______________________________

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that on the        day of November, 2006, a true copy of the within was e-mailed to all counsel of record and a hard copy was mailed to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

______________________________

MJC:tsp 6615/8 \pleadings\66158appeal.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER**

**PROCEDURAL DEFECT**

L.R. Cv 72(c)(2) requires that the content of an appeal include a transcript of any evidentiary hearings before the Magistrate Judge and/or statements made by the Magistrate Judge of the reasons for the order or ruling in question. This rule is particularly applicable to the plaintiff's appeal given that the hearing on the underlying motion to compel easily exceeded two hours and contained statements made by the Magistrate Judge in conjunction with the arguments of the parties, which necessarily reflect upon his ultimate ruling, and would be necessary for this Court to properly review the same and for your defendants to properly respond to the plaintiff's appeal.

**SUBSTANTIVE ARGUMENT**

For non-dispositive matters, Rule 72 mandates that a Magistrate Judge's order be sustained unless, upon review, this Court finds it to be clearly erroneous or contrary to law. Where discovery matters were thoroughly argued and analyzed before the Magistrate and where, on appeal, the plaintiff essentially raises the same arguments raised before the

Magistrate, the appeal ought to be denied, *"Biological Diversity vs. F.H.A., 290 F. Supp 2d 1175 (SD Cal 2003).* Similarly, a Magistrate Judge's resolution of discovery disputes ordinarily deserve substantial deference by the District Court, reversal only being appropriate where there is abuse of discretion, *EEOC vs. Mr. Gold, Inc., 223 FRV 100 (ED NY 2004).*

The plaintiff's case, as originally filed, and as currently stands, involves a very limited and, for all intents and purposes, undisputed factual scenario. On May 10, 2005, the plaintiff was operating a motor vehicle without a Rhode Island driver's license. Rhode Island law requires that upon establishing residency for Thirty (30) days, a person must obtain a Rhode Island license and surrender any out of state licenses, R.I.G.L. §31-10-1. The plaintiff does not dispute that on the day of his arrest he had been living and working in the State of Rhode Island for several years, having never applied for a Rhode Island license and operating, instead, upon a previously issued license from the State of Arizona. Defendant, Matarese, arrested the plaintiff on the day in question and had him transported to the police station (by defendant Brancato) for processing (less than one half hour's time), whereupon he was released to appear on a summons. Defendant Matarese charged the plaintiff with violating §31-10-1.

Despite this relatively straightforward fact scenario, the plaintiff has embarked on a disproportionate discovery expedition consisting of nearly two hundred requests for admissions, four separate sets of requests for documents, and eight depositions. The scope and breadth of such discovery, as were seen by the Magistrate Judge, relates, if it relates to

anything, to a case not yet filed and persons not currently parties hereto (the plaintiff has stated he intends to amend this complaint to include the police chief in the Town of Hopkinton, Rhode Island and add various conspiracy theories between the Chief and the defendant, Matarese). Beyond that, it is difficult for the defendants to argue about a case that has not yet been filed but clearly, as to the case before the Magistrate Judge, and now before this Court, the requests at issue are wholly immaterial, overbroad and not relevant to the issues left to be tried in this case.

For instance, in request number two, the plaintiff seeks ***all*** policies, procedures and regulations of the Westerly Police Department. The defendants had previously produced the arrest policy followed by the department and stated, in its response to the request for admissions, that there was no policy specifically tailored to R.I.G.L. §31-10-1. The arrest procedure followed by the Westerly Police Department tracks state law as it permits arrests for misdemeanors and felonies.

It is important to note that the plaintiff does not allege that excessive force was used or that somehow, proper arrest procedure was not followed, i.e. in the manner in which the plaintiff was transported and processed. Rather, plaintiff simply alleges that he should not have been arrested. The Westerly Police Department, as is typical, has a whole host of polices and regulations which deal with all facets of police work, yet bear no relation to the issues presently before the Court in this case. As such, Magistrate Judge Almond correctly denied the request as being overbroad.

Likewise, in request number 3, the plaintiff requested training documents and materials that ***all members of the department*** went through in the previous five years with relation to six different topical areas as listed in the request. Magistrate Judge Almond's order granted the request but limited it to defendants Matarese and Brancato. The defendants have already produced their complete training files which documented the training that they received during their careers. The order will now require those defendants to produce more materials, etc. relating to the course materials for said training. Plaintiff argued and continues to argue that he needs training documents of all officers of the department in order to prove his count for negligent training and supervision. However, this completely ignores the fact that there must be a nexus between the alleged deficient training and/or supervision and the subordinate officers whose conduct is called into question (Matarese and/or Brancato). Moreover, negligent training and/or supervision is not sufficient to establish a constitutional violation. Nor is it sufficient to establish a state law claim given the long standing public duty doctrine that exists in the State of Rhode Island.

The plaintiff states that he takes issue with request number eight wherein the plaintiff sought documents that would identify computer terminal users and/or would otherwise allow for the identification of the persons who performed certain computer information checks on the plaintiff.

The defendants provided a response to this request, to the effect that it had no such documents. Plaintiff refuses to accept this response and attempts to cite the deposition

testimony about computer terminal user manuals. However, this completely ignores that deposition testimony of the department's information technology individual (Paul Perrone), who the plaintiff deposed in late September of 2006. Perrone testified that at the time of the plaintiff's arrest, i.e. May, 2005, individual user codes were not in existence. Rather, just a generic user ID was used to access the RILETS/NCIC system as opposed to an individual identifier. Individual identifiers did not come along until some time later that year as required by the FBI as part of their procedures for increased security layers.

In request number twenty-two, the plaintiff sought cell phone records for the months of April, May and June, 2005. The original request was for the phone records of defendants Matarese and Brancato. At the hearing before the Magistrate Judge, the plaintiff withdrew his request as to defendant, Brancato. Over the defendant's objection, Magistrate Judge Almond ordered production of the cell phone records of defendant Matarese. He further ordered (because the plaintiff argued that the arrest was made at the request of and/or as a favor to Chief John Scuncio) that the defendant produce records which would show any calls by and between Matarese and the Hopkinton Police Department or Chief John Scuncio. The defendant is permitted, if desired, to redact other calls/pages from the records. It is this portion of the Magistrate's Judge's Order that the plaintiff now seeks to appeal (i.e. the redacting option). Given the issues involved in the existing complaint (and even allowing for the yet to be filed amended complaint) it is hard to imagine how the Magistrate Judge's Order can be labeled as clearly erroneous from the plaintiff's point of view.

The plaintiff has also sought this Court's review with respect to requests numbered 11-18. For the court's convenience, your defendants will summarize those requests since the Magistrate Judge's Order granted some of what was requested and denied other materials. The plaintiff's memorandum does not delineate the distinctions and are somewhat difficult to follow.

**REQUEST NUMBER 11 – Arrests by members of the department for violations of R.I.G.L. §31-10-1(a).**

**REQUEST NUMBER 12 (Citations Issued) and REQUEST NO. 13 (Misdemeanor Prosecutions) RELATING TO R.I.G.L. §31-10-1(a).**

The plaintiff originally sought five years worth of such documents and the defendant indicated that he would be willing to withdraw the objection and conduct a search for such records to the extent that they could be accessed through the police department's computer database which has been in existence for approximately four years. Magistrate Judge Almond's order requires the defendants to do just that, i.e. to retrieve such data from its existing computer database. This order certainly appears to be a reasonable resolution to an otherwise overbroad, immaterial and irrelevant request.

**REQUEST NUMBER 14 - All traffic stops, citations issued and arrests made by defendant Matarese and;**

**REQUEST NUMBER 15 - Those made by defendant, Brancato for the past five years.**

These requests were denied by Magistrate Judge Almond, as being overbroad. Given that the issue and the basis for the plaintiff's arrest is a very narrow one (i.e. operating without a Rhode Island driver's license) documents that the plaintiff sought would relate to all kinds of matters other than "no license arrests and/or citations" and would therefore bear no legal relevance or materiality to the issues in the case and needlessly expose the identities of numerous arrestees. Additionally, given that the defendants were ordered to produce those documents sought in request numbers 11 through 13, it can hardly be argued that this ruling is clearly erroneous.

**REQUEST NUMBER 16 - Any traffic citations issued by members of the department within the last two years, including the specific statutory offense charged.**

**REQUEST NUMBER 17 - Custodial arrests by members of the department for violation of any section of Title 31 of the General Laws within the last three years, including the specific statutory offense charged.**

**REQUEST NUMBER 18 - Misdemeanor prosecutions for any violations of any section of Title 31 within the last two years, including the specific statutory offense charged.**

Once again, the plaintiff sought documents well beyond the "specific statutory offense charged". Magistrate Judge Almond granted the plaintiff's motion, in part, requiring the defendant to respond only as to incidents involving claimed violations of R.I.G.L. §31-10-1.

In short, there is nothing clearly erroneous about the discovery order at issue. Rather,

the plaintiff's actions, in pursuing the discovery that he has to date, confirms an agenda beyond the scope of the instant lawsuit. While the plaintiff may have some purported grievance against the Town of Hopkinton and/or its police chief, the simple fact remains that neither were named as a defendant in this suit, which is now nearly nine months old. Although the plaintiff has indicated an intent to amend the instant complaint, all discovery requests to date have been made within the framework of the original complaint and it is rather unfair for the Westerly defendants to have to defend matters outside the scope thereof, especially when those defendants believe they are entitled to qualified immunity and continue to await their opportunity to file summary judgment on that ground.

For the foregoing reasons, the plaintiff's appeal ought to be denied.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that on the day of November, 2006, a true copy of the within was e-mailed to all counsel of record and a hard copy was mailed to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903