**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CHARLES MAUTI,**

**v.** **CA NO. 06-61T**

**LAUREN MATARESE, *ET AL.*** **ORAL ARGUMENT REQUESTED**

## Motion for Reconsideration of Order Affirming Magistrate-Judge's Memorandum and Order Regarding Plaintiff's Motion to Compel

For the reasons set forth in the accompanying Memorandum, Plaintiff requests that the Court reconsider its December 7, 2006 Order affirming the Magistrate-Judge' October 16th Memorandum and Order granting in part and denying in part Plaintiff's Motion to Compel discovery responses.

This Motion is based on the attached Memorandum and the Exhibits filed therewith. Pursuant to Local Rule 7(e), Plaintiff requests that the Court allow oral argument on this Motion.

Charles Mauti
By his Attorneys,

/s/ John P. Gyorgy 3560
John R. Harrington 7173
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

**CERTIFICATION**

I certify that on December 11, 2006, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael J. Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI,

v. CA NO. 06-61T

LAUREN MATARESE, *ET AL.*

**Memorandum in Support of Motion for Reconsideration of Order Affirming Magistrate-Judge's Memorandum and Order**

On December 7, 2006, this Court entered an Order affirming the October 16th Memorandum and Order of Magistrate-Judge Almond which had granted in part and denied in part the Plaintiff's Motion to Compel discovery responses. The basis for the Court's December 7th Order was the Plaintiff's "failure to provide a transcript of the evidentiary hearing held before the Magistrate-Judge as required by LR Cv 72(c)(2)." A copy of the Court's Order is attached as Exhibit A to this Motion.

As discussed more fully below, the Plaintiff believes the application of Local Rule 72(c)(3) in this manner to foreclose review on the merits of the Magistrate-Judge's decision is wrong for several reasons:

1. There was no evidentiary hearing on the Plaintiff's Motion to Compel. No testimony was taken and no exhibits were admitted. Neither party had requested an evidentiary hearing as required by Local Rule 7(e).

2. When there is no evidentiary hearing, Local Rule 72(c)(3) requires a transcript *only* where there is no written statement by the Magistrate-Judge of the reasons for the challenged decision; in this case there was an extensive Memorandum and Order which satisfied this aspect of the Rule.

3. Even if the Rule is construed to require a transcript, the consequences of the failure to do so in this instance should not include denying the Plaintiff review on the merits of the Magistrate's decision regarding discovery.[1]

[1] Plaintiff ordered the transcript on December 8th so that, should the Court decide to review of the Magistrate-Judge's decision the process will not be further delayed.

## ARGUMENT

### In the Circumstances Present Here, Local Rule 72 Did Not *Require* That a Transcript of the Hearing Be Provided As a Condition of Seeking Review of the Magistrate-Judge's Decision

The applicable text of Local Rule 72 reads as follows:

> **Content of Appeal**. Any such appeal shall consist of a notice of appeal setting forth the basis for the appeal, a memorandum of law which complies with LR Cv 7, and a transcript of any evidentiary hearing(s) before the magistrate judge ***and/or*** statements by the magistrate judge of the reasons for the order or ruling.

LR Cv 72(c)(2) (emphasis added) (copy attached as Exhibit B).

The highlighted phrase ***"and/or"*** in the third subpart of Rule 72(c)(2) clearly suggests that the Rule envisions two sets of circumstances – (1) those where the Rule requires a transcript ***in addition to*** the "statements by the magistrate judge of the reasons for the order or ruling," and (2) those cases where the Rule requires a transcript as an ***alternative*** to a written statement of reasons when there is no written decision.

The circumstance where *both* a transcript *and* the written statement of reasons are both required is expressly stated by the Rule – when the challenged decision is based on the record of an "evidentiary hearing," *i.e.*, where the decision of the Magistrate-Judge is based on testimony of witnesses rather than (as in this case) argument of counsel. Where this Court's review follows an evidentiary hearing, the need for a transcript is obvious, since the statutory provision governing review of such a decision incorporates, *inter alia,* the "clearly erroneous" standard. 28 U.S.C. § 636(b)(1)(A). When the decision depends upon the resolution of factual issues that are the subject of an evidentiary hearing, proper application of the clearly erroneous standard requires a transcript of the hearing since

that is the only form in which the factual record is available from which this Court can assess the factual basis (or lack thereof) for the decision. It is the factual record developed by means of an evidentiary hearing that is the focus on review. *See, e.g., Watman v. Groman (In re Watman)*, 458 F.3d 26, 33 (1st Cir. 2006). There is no substitute for, or alternative to, a transcript of the hearing in that circumstance.

As noted above, there was no evidentiary hearing in this case. No witnesses were called, and no exhibits were offered or admitted. None of the parties in this case made a written request for an evidentiary hearing as is required by Local Rule Cv 7(e).[2] In addition, neither the Court's Notice of Hearing nor the minute entry regarding the hearing itself refer to the hearing as an evidentiary hearing. Exhibit C (Notice of Hearing issued 9/25/2006); Exhibit D (Minute Entry 10/13/2006 regarding Hearing on Motion to Compel).

Surprisingly, other than by invoking the Rule at the outset of their Memorandum, the defendants make no effort to argue that the hearing on the Plaintiff's Motion was an evidentiary hearing, referring in their Memorandum in Support of their Objection only to "statements made by the Magistrate Judge *in conjunction with the arguments of the parties*. . . ." Defendants' Memorandum, page 1 (emphasis added). Even without the transcript, however, the record is clear that the Magistrate-Judge's colloquy with counsel did ***not*** include "statements by the magistrate judge of the reasons for the order or ruling," since he did not decide the Motion at the hearing. The docket entry for the

---

[2] The Rule provides:

> **Need for Evidentiary Hearing**. All motions and objections shall contain a statement by counsel as to whether oral argument and/or an evidentiary hearing is requested; and, if so, the estimated time that will be required.

hearing reads: "Court takes matter under advisement; Order to follow." Exhibit D. The four page Memorandum and Order was issued three days later.

Had the Magistrate-Judge *not* issued a written Memorandum and Order, a transcript *would* have been required by Local Rule 72 under the second scenario covered by the Rule – where a Magistrate-Judge decides a non-dispositive matter after a ***non-evidentiary*** hearing and ***without*** providing a written statement of the reasons for the decision that would otherwise substitute for the transcript. In that circumstance the transcript of the hearing is the *only* record available by which the District Judge might determine the basis for the challenged decision so as to assess whether the decision is "contrary to law," the second standard incorporated in 28 U.S.C. § 636(b)(1)(A).

In this case, the challenged decision ***did not*** follow an evidentiary hearing, and the Magistrate-Judge ***did*** provide a detailed written statement "of the reasons for the order or ruling." This is the circumstance where the use by Local Rule 72 of the disjunctive "or" in the phrase "and/or" makes perfect sense – a transcript is not ***necessary*** to inform this Court of the reasons for the challenged decision, since the Magistrate-Judge provided the ***alternative*** to a transcript approved by Rule 72(c)(2) – a written statement of reasons for the decision in the form of the October 16th Memorandum and Order. Construing the Rule to require a transcript where (1) there was ***no*** evidentiary hearing and (2) there ***is*** a written statement of the basis of the decision would render the Rule's disjunctive language – the "or" part of the "and/or" phrase in the last clause – meaningless. There is no need for such an interpretation when the circumstances where a transcript is not required for the exercise of review are clear.

**If the Court Still Construes Local Rule 72(c)(2) to Require a Transcript in the Circumstances of This Case, a Lesser Sanction Than Denying Review Would Be Appropriate**

Counsel believes it is evident from the "Notice of Appeal of Magistrate-Judge's Memorandum and Order" filed by the Plaintiff on October 31st that this was not a situation where counsel was unfamiliar with or disregarded the terms of the Local Rule; to the contrary, the Notice expressly refers to Local Rule 72, and is cast in terms of an "appeal," the language of the Local Rule, rather than as a request that the Court "reconsider" the Magistrate-Judge's decision, which is the operative language of the governing section of the Judicial Code.[3]

Since there was no evidentiary hearing, and given the Memorandum and Order issued after the Motion was taken under advisement at the conclusion of the hearing, counsel decided to spare the client what he thought to be an unnecessary (and at best marginally useful) expense. In that regard, counsel asks that in resolving this Motion for Reconsideration the Court consider the overarching policy of the Federal Rules, echoed in the Local Rules, that "[t]hese Rules should be construed consistently with other applicable statutes and rules to secure the just, speedy and ***inexpensive*** determination of all proceedings before the Court." LR Cv 101(e); *see also* Fed. R. Civ. P. 1. The construction of Local Rule 72(c)(2) suggested in this Motion is consistent with the other Local Rules implicated – i.e., Rule 7(e)'s requirement that evidentiary hearings must be requested, and there was no such request. It also accomplishes the purpose of the Rule – that this Court have the necessary record to review decisions by Magistrate-Judges. If the

[3] Section 636(b)(1)(A) of the Judicial Code provides that the Court may "reconsider" decisions on non-dispositive matters, without denominating the process an "appeal." 28 U.S.C. § 636(b)(1)(A).

defendants' counsel thought that more was necessary in order to present his argument in opposition, nothing stood in the way of his providing the transcript of the hearing.[4]

If the Court nevertheless considers counsel's interpretation of Rule 72(c)(2) to be mistaken, even unreasonably so, the consequences of that mistake should belong to counsel, rather than being visited upon the Plaintiff by preventing review on the merits of the Magistrate-Judge's decision. If the Court takes that view, counsel would ask that the Court exercise its discretion recognized by Local Rule Cv 101(c) to suspend the operation of Rule 72(c)(2) in these circumstances since leaving the December 7th Order as it stands risks causing an injustice to the Plaintiff arising from a decision that was counsel's alone.

## CONCLUSION

Counsel submits that the Plaintiff's Notice of Appeal complied with each of the three subparts of Local Rule 72(c)(2): It included the Notice giving the reasons for the appeal, the Memorandum of Law describing those reasons in more detail, and, as to the third subpart, it included the Magistrate-Judge's Memorandum and Order – the ***only*** "statements by the magistrate judge of the reasons for the order or ruling." Given that no party requested an evidentiary hearing pursuant to Local Rule 7(e), no testimony was

---

[4] In the Objection to the Notice of Appeal, defense counsel opined that the transcript was "necessary for this Court to properly review the [ruling] and for your defendants to properly respond to the plaintiff's appeal." Defendants' Memorandum in Support of Objection, page 1.

Assuming for argument's sake that the Plaintiff was not ***required*** by Local Rule 72 to provide the transcript, nothing prevented defense counsel from incurring that expense if he believed the transcript was necessary to present his clients' case. The defendants chose instead to rely on an implicit (and mistaken) assertion that the hearing on the Motion to Compel was an "evidentiary hearing" within the meaning of Local Rule 72(c)(2), a characterization supported solely of counsel's estimate of the length of the hearing. *Id.*

taken and no exhibits were admitted, Local Rule 72(c)(2) should not be construed to *require* a transcript when such a written decision is issued.

Having stated that position, since this Court's Order affirming the Magistrate-Judge's decision makes clear the Court's preference that the transcript be available, Plaintiff has ordered the transcript and asks that the Court vacate the Order affirming the decision and instead review the decision when the transcript is available.

**Charles Mauti**
By his Attorneys,

/s/ John P. Gyorgy 3560
John R. Harrington 7173
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

## CERTIFICATION

I hereby certify that on December 11, 2006, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael J. Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy