MJC:lml 6615/8 \misc\66158CoverSheet

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**"APPENDIX OF EXHIBITS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

1. Affidavit of Lauren Matarese
2. Letter of Lisa Giescheidt, 5/23/05
3. Transcript: Judge Erickson
4. R.I.G.L. § 31-10-1
5. R.I.G.L. § 31-1-18
6. R.I.G.L. § 31-27-13
7. Public Law 1999 ch. 218, Art. 6, §14
8. R.I.G.L. § 31-11-18

/s/Michael J. Colucci, Esq.

**CERTIFICATION**

I certify that I sent a true copy of the within on to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci, Esq.

# EXHIBIT 1

MJC:lml 6615/8 \pleading\66158AffiMatarese1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES MAUTI :
:
VS. : C.A. NO. 06-61T
:
LAUREN MATARESE, ET AL :

**AFFIDAVIT OF DEFENDANT, LAUREN MATARESE**

Now comes the undersigned, Lauren Matarese, who makes affidavit and states the following:

1. I have been a police officer with the Westerly, Rhode Island Police Department since 1982.

2. I was promoted to sergeant in 1994, lieutenant in 2001 and captain in 2004.

3. Part of my duties as captain, include serving as the Department's prosecution officer, which includes the initial processing of criminal complaints in the State District Court.

4. On May 10, 2005, shortly before 7:30 a.m., I was returning from the gas pumps with my police vehicle. I was driving an unmarked vehicle and I was in full uniform. As I was traveling through a construction zone on Grove Avenue, one of the construction workers began motioning to me about a vehicle that had just passed him. He appeared to be speaking broken English and saying something to effect of, "that blue car, that blue car." The actions of construction worker, caused me to suspect that there may have been some type of problem/motor vehicle infraction involving the vehicle that the worker was pointing to.

5. I pulled the vehicle over as I did not see any other vehicles in the immediate area. The plaintiff, Charles Mauti, was operating the vehicle.

6. In words and substance, I asked whether or not he had some type of problem while driving through the area. He indicated that he did not and that it could have been the vehicle that was traveling in front of him. I asked him for his license, registration and proof of insurance. He produced a license issued from the State of Arizona, an insurance card and a registration for a trailer (he did not have a registration certificate for the vehicle he was operating).

7. Although I did not know Mr. Mauti, I did recognize the name as someone who had been living in the area for quite some time. I questioned him as to why he was not

producing a Rhode Island license. He gave various answers which did not appear forthright and ultimately indicated that he never got around to applying for one.

8. I decided to arrest him for operating without a license. I requested a regular marked police unit (Officer Brancato responded) and I had him transported to the station for identity processing. That took approximately fifteen minutes, or so and then I released him to appear with a summons on the 20th of May, 2005, on the charge of violating R.I.G.L. 31-10-1.

9. I believed that Mr. Mauti was in violation of both R.I.G.L. 31-11-18 and 31-10-1 and I had originally intended to charge him under 31-11-18 (as indicated on his fingerprint/processing card,(attached hereto as exhibit A), but I ultimately decided to charge him under 31-10-1, as that dealt more specifically with his residency issue and would be more easy for him to resolve, by simply getting a Rhode Island license before his arraignment date.

10. I explained to Mr. Mauti that if he could obtain a Rhode Island license prior to his arraignment date, then I would be able to recommend dismissal of the charge. To give him extra time to do that, I set the arraignment date out longer than I typically would do.

11. After further discussions with Mr. Mauti, I drove him to the local registry of motor vehicles so that he could make application for his Rhode Island license. The registry was still closed because of the early hour. Mr. Mauti obtained a registry ticket number (to wait in line) and then I returned approximately twenty minutes later to pick him up at which time he showed me a certificate indicating that he was successful in obtaining a temporary Rhode Island operator's permit. I advised him to bring that certificate to his court date and that the matter would be dismissed.

12. While, as a lieutenant and captain, I do not often get involved with traffic violations, I had been under the impression that "no license" cases were still misdemeanors. In fact, I can recall an administrative order from Judge DeRobbio, from the late 1990's when I was a sergeant, that "no license" cases could be charged either under 31-10-1 or 31-11-18. Additionally, as the prosecution officer for the department, I routinely overheard "no license" cases being charged in the District Court as misdemeanors.

Capt L Matarese #2
Captain Lauren Matarese

Subscribed and sworn to before me this 12th day of December, 2006.

Linda J. Algiere
Notary Public

My commission expires: 8-11-2010

LEAVE BLANK | CRIMINAL | (STAPLE HERE) | LEAVE BLANK

STATE USAGE NFF SECOND SUBMISSION | APPROXIMATE CLASS | AMPUTATION | SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX
MAUTI CHARLES

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

LEAVE BLANK

ALIASES/MAIDEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX
MAUTI CHARLES

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH MM DD YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| | | 05/31/1946 | M | W | 511 | 180 | BRO | BR |



FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV 26306

PRIVACY ACT OF 1974 (P.L. 93-579) REQUIRES THAT FEDERAL, STATE, OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

| | | | |
|---|---|---|---|
| JUVENILE FINGERPRINT SUBMISSION YES ☐<br>TREAT AS ADULT YES ☐ | DATE OF ARREST MM DD YY<br>05/10/2005 | ORI RI0050400<br>CONTRIBUTOR WESTERLY PD<br>ADDRESS WESTERLY, RI<br>REPLY DESIRED? YES X | |
| SEND COPY TO: (ENTER ORI) | DATE OF OFFENSE MM DD YY<br>05/10/2005 | PLACE OF BIRTH (STATE OR COUNTRY)<br>NY | COUNTRY OF CITIZENSHIP<br>US |
| MISCELLANEOUS NUMBERS<br>NONE | SCARS, MARKS, TATTOOS, AND AMPUTATIONS<br>SC BACK | | |
| | RESIDENCE/COMPLETE ADDRESS<br>33 ELM ST | CITY<br>WESTERLY<br>02891 | STATE<br>RI |
| OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER)<br>CAPT. LAUREN MATARESE<br>702 | LOCAL IDENTIFICATION/REFERENCE<br>05-393-AR | | PHOTO AVAILABLE? YES Y<br>PALM PRINTS TAKEN? YES ☐ |

| | |
|---|---|
| EMPLOYER: IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO.<br>TOWN OF HOPKINTON<br>395 WOODVILLE RD /HOPKIN | OCCUPATION<br>BUILDING OFFIC |
| CHARGE/CITATION<br>1. 31-11-18 N/LIC M<br>DRIVING WITHOUT/EXPIRED LICENSE | DISPOSITION<br>1. |
| 2. | 2. |
| 3. | 3. |
| ADDITIONAL | ADDITIONAL |
| ADDITIONAL INFORMATION/BASIS FOR CAUTION<br>OLN - | STATE BUREAU STAMP |

# EXHIBIT 2

MACFADYEN, GESCHEIDT & O'BRIEN
ATTORNEYS AT LAW

THE OWEN BUILDING
101 DYER STREET • PROVIDENCE, RI 02903

TELEPHONE
401-751-5090

FACSIMILE
401-751-5096

JOHN A. MACFADYEN
LISE J. GESCHEIDT
C. LEONARD O'BRIEN

OF COUNSEL
B. JEAN ROSIELLO
TAMARA A. BARNEY

May 23, 2005

Leo Manfred, Esquire
47 High Street
P.O. Box 1996
Westerly, RI 02891-0916

RE: Town of Westerly v. Charles Mauti

Dear Leo:

I am enclosing copies of a Motion to Dismiss for Lack of Jurisdiction and a Memo in Support thereof, as well as Motions for Discovery and to Suppress.

I spoke to Lauren at the arraignment, and she was going to dismiss this case because my client did obtain a Rhode Island license. When I mentioned that I thought the District Court did not have jurisdiction over a violation of GL 31-10-1, and that jurisdiction was in the Traffic Tribunal. Judge Erickson thought you should file a responsive memo. Sorry, it was not my idea.

I am trying to be practical, and just want the case dismissed and the file sealed. I did not think Lauren had any problem with either of my goals. My client has no prior record.

The judge continued the hearing to this Friday, May 27. Please give me a call to let me know if we can possibly resolve the case before then. Thank you and best wishes.

Sincerely,

Lise J. Gescheidt

Cc: Captain Lauren Matarese
Mr. Charles Mauti

# EXHIBIT 3

ORIGINAL

TRANSCRIPTION FROM AUDIOTAPE

IN RE: CHARLES MAUTI

BEFORE JUDGE ERICKSON

5-20-05

ALLIED COURT REPORTERS, INC.
115 PHENIX AVENUE
CRANSTON, RHODE ISLAND 02920
(401) 946-5500

JUDGE ERICKSON: Just tell me which cases they are.

SPEAKER: It's an arraignment, your Honor, Charles Mauti.

JUDGE ERICKSON: Oh, okay.

SPEAKER: Unless you want to do pretrial first.

JUDGE ERICKSON: No, I'll do the arraignment.

MS. GESCHEIDT: Can we approach, your Honor?

JUDGE ERICKSON: Certainly. What's the case name? What's the defendant's name?

SPEAKER: Mauti.

JUDGE ERICKSON: What is it?

SPEAKER: M-a-u-t-i. (Inaudible.)

JUDGE ERICKSON: Hold on.

MS. GESCHEIDT: (Inaudible) a motion to dismiss for lack of jurisdiction and a motion to seal the record. I've shown Captain Matarese the statute.

JUDGE ERICKSON: Hold on. We'll read it.

MS. GESCHEIDT: The statute he's charged with is jurisdiction --







JUDGE ERICKSON: Wait a second. Hold on. We do these all the time here.

MS. GESCHEIDT: (Inaudible.)

JUDGE ERICKSON: I do 25 of these a week.

MS. GESCHEIDT: (Inaudible.)

JUDGE ERICKSON: I mean, I do 25 a week of these.

MS. GESCHEIDT: (Inaudible.) If you look at the --

JUDGE ERICKSON: Well, that's because they're charged under the wrong statute.

SPEAKER: (Inaudible.)

MS. GESCHEIDT: No, that's what he got charged with, and that's a civil violation.

JUDGE ERICKSON: Clearly driving without a license is within the jurisdiction of this court.

MS. GESCHEIDT: But that's not what he got charged with.

JUDGE ERICKSON: Well, wait. One step at a time. Hold on.

MS. GESCHEIDT: I did a memo, if you want to look at it --

JUDGE ERICKSON: You're not even giving me a chance to read the memo.







MS. GESCHEIDT: I'm just trying to make it quick.

JUDGE ERICKSON: Well, I don't know. Why -- let's see 31-10.1 is what's on the complaint.

MS. GESCHEIDT: That's right.

JUDGE ERICKSON: Hold on. Hold on.

SPEAKER: (Inaudible.)

JUDGE ERICKSON: Any resident (inaudible) under 31-1-18 shall be required to obtain a license within 30 days of establishing residency. So you're saying that he didn't know what -- he had a license. It wasn't a valid license in Rhode Island.

SPEAKER: Yes, it was an Arizona license and --

JUDGE ERICKSON: So why is it -- where is the --

SPEAKER: Penalty provision?

JUDGE ERICKSON: -- penalty provision?

MS. GESCHEIDT: 31-27-13A.

JUDGE ERICKSON: Hold on. Okay. I'll get there.

MS. GESCHEIDT: Which took me about four hours to find, by the way.







JUDGE ERICKSON: There is a sole violation for any person that violates any provisions of Chapters 1 through 27 or Chapter 34 of this title, unless the violation is by these chapters (inaudible) or unless the offense is (inaudible) by a fine of more than 500 dollars (inaudible) in prison. These aren't the penalty provisions.

MS. GESCHEIDT: Well, it says it's a civil violation (inaudible) misdemeanor or it carries with it a fine of (inaudible) dollars. And the other statute that's (inaudible) is 8-8.2-2.

JUDGE ERICKSON: Hold on. Let me just check one other thing.

MS. GESCHEIDT: I did a brief memo --

JUDGE ERICKSON: Right. I'll read it. Yup.

MS. GESCHEIDT: (Inaudible.)

JUDGE ERICKSON: Your motion to seal it is a little premature, isn't it?

MS. GESCHEIDT: (Inaudible.)

JUDGE ERICKSON: Since it already states that the case has been dismissed.

MS. GESCHEIDT: It was under the

(inaudible.)

JUDGE ERICKSON: You left out in your enumeration the matters that are before the District Court. The one that is a critical issue in terms of whether or not this applies, which is driving without a license. In other words, 31-11-18 isn't restricted just to a suspended license. But it says driving after denial, suspension or revocation.

MS. GESCHEIDT: And that specifically criminalizes (inaudible) and defines them as a misdemeanor.

JUDGE ERICKSON: But it also talks about not having a license, not any. It's different.

MS. GESCHEIDT: (Inaudible.)

JUDGE ERICKSON: Well, that's the issue. That's a factual issue. But in your enumeration you left out the part that is what they're (inaudible,) which is the part of 31-11-18 that says that.

MS. GESCHEIDT: (Inaudible) with that --

JUDGE ERICKSON: Well, not quite. See, because that's the point is that -- that 31-11-18 also says that -- or who otherwise drives without a





license and that -- you didn't put that part of the quote in.

MS. GESCHEIDT: No, I'm quoting the jurisdiction. It says --

JUDGE ERICKSON: That's not quoted on Page 2.

MS. GESCHEIDT: -- suspension -- driving after denial, suspension or revocation of a license.

JUDGE ERICKSON: The part I just underlined.

MS. GESCHEIDT: Judge, this is what -- I printed (inaudible) that's what it says.

SPEAKER: (Inaudible.)

JUDGE ERICKSON: But it's -- no, but read this. Read this, 31-11-18.

MS. GESCHEIDT: I know. I saw the criminal --

JUDGE ERICKSON: Well, but when you're --

MS. GESCHEIDT: But I was quoting the jurisdictional statute that doesn't include 31 --

JUDGE ERICKSON: But 31-11-18 references somebody who drives without a license, and so the question is does that phrase 31-11-18 incorporate





the concept of for not having a license because you've been a resident for more than 30 days under 31-10-1 because it doesn't just say somebody who just never applied for a license; it says somebody who hasn't applied for a license, and also somebody who otherwise drives without a license, so that is within -- driving without a license is clearly within the jurisdiction of this court. Whether this constitutes driving without a license is a different issue. All I am observing is that on Page 2 of your memo you do not in all the things -- you attempt to give an exhaustive list of all the traffic matters that are before the District Court, but you do not in that (inaudible) exhaustive list include driving without a license under 31-11-18, which is clearly a misdemeanor because it's denominated as a misdemeanor in subsection A of 31-11-18.

SPEAKER: (Inaudible.)

JUDGE ERICKSON: It's not vague here.

MS. GESCHEIDT: What I was quoting in my memo -- I hope you don't think I was trying to (inaudible) the Court in any way.

JUDGE ERICKSON: No, but I'm just -- no,





no, but I'm just saying what you quoted doesn't include the 31-11-18 because I think if you look at the penalty provision, it says unless -- and you really have to -- to get the definitive list you really have to go through all 27 chapters of Title 31 that are subsumed in the civil to determine whether there are any exceptions carved out. The question is whether or not -- and this is -- I haven't finished your memo. I going to get there and see where you're going, but the real question in my mind is whether or not 31-10-1 by saying that you're operating without a license is the same thing that's referred to in 31-11-18 when it says driving without a license. Okay. That's the -- that's really the issue as to whether or not those two sections converge to make this (inaudible,) so I'm just noting that --

MS. GESCHEIDT: Right.

JUDGE ERICKSON: -- in that section what you refer to there does not include everything that's a criminal offense because there are other things specifically noted such as the one that is in 31-11-18 that aren't in that list because that's a different statutory section. That's my only

point is to say that --

MS. GESCHEIDT: Right.

JUDGE ERICKSON: -- that is clearly not an exhaustive list. So I mean, frankly, I mean, you may have a valid point, but I can't -- I can't -- I'm not going to -- I'm not going to grant a motion to dismiss without giving the other side an opportunity to present a memo. We have to arraign him and then let them present their counter response.

SPEAKER: (Inaudible.)

MS. GESCHEIDT: Yes, he has property --

SPEAKER: I don't know --

MS. GESCHEIDT: It was -- he had a valid Arizona license that --

JUDGE ERICKSON: Well, that's an interesting question as to whether it's a valid Arizona license. It may not be a valid Arizona license.

SPEAKER: (Inaudible.)

JUDGE ERICKSON: Because saying that you have a document that's -- on its face purports to be a valid license, doesn't make it a valid license. That document -- you can carry around





your passport, but the government might have revoked it, but it still looks like a valid passport, for example, and so he may have had a document issued by another state, but if he's been a resident of Rhode Island for ten years, then I'm not sure that document has any substantive validity. That's the issue, isn't it?

MS. GESCHEIDT: I'd like to withdraw my motion to seal an order because I think it's premature now.

JUDGE ERICKSON: Okay. Yeah, I do think -- I mean, unless they're willing to agree to the motion to dismiss. Well, I'm just saying, you know, if you're objecting to the motion, then I'm going to put it down for -- I'm going to put it down for further argument.

SPEAKER: (Inaudible.)

JUDGE ERICKSON: It's on that one, too.

SPEAKER: (Inaudible.)

JUDGE ERICKSON: Well, I think I need to give your solicitor, I mean, if he wants to file an answer, let him file an answer.

SPEAKER: Did you withdraw your motion?

MS. GESCHEIDT: I withdrew my motion to





seal.

JUDGE ERICKSON: But not the motion to dismiss, so --

MS. GESCHEIDT: Can I -- did I leave an order up there with you, Judge, too?

JUDGE ERICKSON: No, that's in there, I think. I think it's out of order.

MS. GESCHEIDT: Okay. I have it right here.

JUDGE ERICKSON: Okay. Well, lets arraign him and then we'll continue it for a week for pretrial, and you can submit a counter response. Okay. All right. Charles Mauti. Do you swear to the allegations of the complaint?

SPEAKER: I do, your Honor.

JUDGE ERICKSON: All right. Mr. Mauti, your address please? Your address please?

CHARLES MAUTI: 33 Elm Street, Westerly, Rhode Island, sir.

JUDGE ERICKSON: Date of birth?

CHARLES MAUTI: 5-31-46.

JUDGE ERICKSON: All right. Counselor, your entry on behalf of the defendant --

MS. GESCHEIDT: Yes, your Honor, I





have --

JUDGE ERICKSON: Do you waive the reading of the complaint?

MS. GESCHEIDT: Yes, not guilty.

JUDGE ERICKSON: Enter a plea of not guilty through private counsel. Pretrial date next week?

SPEAKER: 5-27.

JUDGE ERICKSON: 5-27, trial date. If necessary, 6 --

SPEAKER: 6-17.

JUDGE ERICKSON: 6-17. Any objection to PR?

SPEAKER: No objection.

JUDGE ERICKSON: 1,000 PR.

MS. GESCHEIDT: I filed --

JUDGE ERICKSON: And there's been a motion to dismiss that's been filed with the State. The Town can file its response to that if they wish next week. All right. I'll review the memos next week and (inaudible) and resolve it.

MS. GESCHEIDT: Can I approach on another matter, your Honor?

JUDGE ERICKSON: Certainly.

C E R T I F I C A T E

I, Jeannette M. Criscione, hereby certify that the foregoing is a true, accurate and complete transcript to the best of my ability taken from the tape recordings of the above-entitled hearing supplied to the offices of Allied Court Reporters, Inc.

IN WITNESS WHEREOF, I have hereunto set my hand this 24th day of May 2006.

Jeannette M Criscione

JEANNETTE M. CRISCIONE CERTIFIED COURT REPORTER
NOTARY PUBLIC/COMMISSION
EXPIRES 12-17-08

IN RE: CHARLES MAUTI BEFORE JUDGE ERICKSON 5-20-05