MJC:lml 6615/8 \pleading\66158MotExtend&Memo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' MOTION TO EXTEND DISCOVERY CLOSURE DATE**

Now come the defendants, and move to extend the discovery closure date from February 15, 2007 to May 15, 2007. In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their Attorney,

/s/Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci, Esq.

MJC:lml 6615/8 \pleading\66158MemLaw2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXTEND THE DISCOVERY CLOSURE DATE**

Discovery is currently scheduled to close on February 15, 2007. There have been no extensions granted to date. Your defendants now seek a three month extension. This request is necessitated primarily by the fact that the defendants have, for some time, wanted to file a summary judgment motion but, due to unusual circumstances governing this case, (as set out below) the motion was only recently filed (December 15, 2006). The summary judgment motion invokes the defense of Qualified Immunity which, is designed to assist defendants in avoiding unnecessary costs and fees associated with litigation. Because of those circumstances, described below, defendants were not permitted to file the summary judgment motion as early as they otherwise would have preferred. That has cast the defense in the unenviable dilemma of having to engage in an all-out blitz on discovery now in order to conclude it before the currently scheduled closure date. However, that would serve only to negate the chief purpose of the qualified immunity defense, should the defense be successful with summary judgment.

The defense did state its intention to file for summary judgment at the very early stages of this litigation, allowing for the fact that the plaintiff wanted to engage in certain discovery matters. The plaintiff did embark on a rather extensive discovery program. The defense made known its belief that the much of that discovery was unnecessary for this complaint, only to learn that the plaintiff had intentions of amending the complaint to include additional parties and causes of action.

On September 8, 2006, your defendants requested a summary judgment conference with the Court, as required by the governing pretrial order. That conference was held on October 18, 2006. At that conference, the plaintiff indicated his continued intent to amend the complaint, causing yet another delay in the ability of the defense to file its motion. As a practical resolution, the Court devised a plan whereby the plaintiff was to file his motion to amend by October 27, 2006. The defense was then to file its summary judgment motion within two weeks of the filing of the amended complaint (or the denial of the motion to

amend).

The plaintiff did not move to amend as per the plan. On November 27, 2006, defense counsel conferred with plaintiff's counsel and was advised that the plaintiff still intended on moving to amend and that the proposed amendment would be forthcoming. However, as of December 15, 2006 the plaintiff had yet to file a motion amend. Given the backdrop of a looming discovery closure date, the defense felt it could wait no longer for the amendment. The motion for summary judgment was filed on December 15, 2006. The plaintiff requested a short extension to file his response. That response is due on January 12, 2007. It cannot yet be known whether any reply memoranda will be necessitated by that response. What is readily apparent however, is that the defense would be left with a very tiny window to complete discovery should the motion for summary judgment be denied and/or should the amended complaint come to fruition. All of this is further complicated by an advisory, by plaintiff's counsel, that the plaintiff will soon be undergoing back surgery and will be incapacitated for much of January and February of 2007.

Accordingly, the defendants believe that there is good cause to extend the discovery closure date for the requested three months. Your defendants respectfully request that the discovery closure date be extended to May 15, 2007.

DEFENDANTS,
By their Attorney,

/s/Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/Michael J. Colucci, Esq.