**United States District Court**
**District of Rhode Island**

**Charles Mauti,**

**v.** **CA No. 06-61T**

**Lauren Matarese, *et al.***

**Affidavit of Charles Mauti**

Having been duly sworn, Charles Mauti states as follows:

1. I am the plaintiff in this case.

2. Until recently, I have actively assisted and participated with my counsel in most aspects of this litigation.

3. I have had what is known as degenerative disc disease for approximately 5 years. In 1996, I underwent a surgical procedure known as spinal fusion, during which the L4-L5 and S1 vertebrae in my lower back were "fused" together in order to stabilize that portion of my spine.

4. Since my earlier surgery the discs in my spine above the earlier fusion have continued to deteriorate, and since approximately November 2004, I have suffered from increasingly severe chronic back pain.

5. In approximately January 2005, I was referred to Frank F. Rand, M.D., of Boston, an orthopedic surgeon specializing in spinal surgery. I was advised by Dr. Rand that I should undergo another spinal fusion operation that would encompass the area of the earlier surgery and extend further up my spine.

6. Since approximately May 2006, the pain resulting from my condition has been more or less constant. Even with prescribed pain medication, the pain affects my ability to concentrate, and makes keeping up even normal conversation difficult. My current condition significantly impairs my ability to assist with my counsel's work on this case.

7. Attached to this Affidavit are two brochures describing the spinal fusion procedure, and the post-operative recovery and rehabilitation. Exhibit A is a more general description of the procedure. Exhibit B, which was provided to me by Dr. Rand's office during my pre-surgical appointment on January 9, 2007, describes the procedure in greater detail.

8. Because of the extent of the area of my spine that has to be fused, which may extend from my lower back up to the thoracic area and may involve as many as eight vertebrae, the procedure I will undergo actually involves two operations to be done in two stages. I will have both a posterior fusion on January 26, 2007 and an anterior fusion on February 13, 2007. I will remain hospitalized at New England Baptist Hospital,in Boston pending the second stage of the procedure, scheduled on February 13, 2007.

9. On January 9, 2007, I met with Dr. Rand's associates and staff, for pre-operative testing, information about the operations, recovery, and rehabilitation, and for directions and guidelines for the two weeks proceeding the surgery. At that time, I received additional information about the scheduling of my surgeries, the physical therapy following the second surgery, and my expected recovery time.

10. My physicians have informed me that I can expect to be hospitalized for approximately one month beginning from the date of the first surgery, i.e., until the end of February. After my discharge from the hospital, it is possible that I will have to spend a period of time in a rehabilitation center. How much time I might have to spend in a rehabilitation center will be uncertain until Dr. Rand has a chance to assess the results of the surgery.

11. The discharge instructions I received from New England Baptist Hospital indicate that I will not be able to drive for six weeks after the surgery, and that I will not be able to return to work until cleared to do so by Dr. Rand. Exhibit C. Since my wife works, my inability to drive will prevent me from attending hearings or depositions, or meeting with my counsel, in Providence.

12. My level of pain currently ranges from a 9-10 out of 10, with 10 being the highest intensity. I am currently taking a prescribed dose of 325 milligrams of Oxycodon/Apap two times a day for treatment of my back pain. The side effects of the Oxycodon/Apap include nausea, vomiting, constipation, lightheadedness, dizziness, drowsiness, flushing, vision changes, and mental/mood changes. A copy of the package insert describing side effects is attached as Exhibit D.

13. The pain medication I am currently taking reduces the pain, but it remains severe enough to significantly interfere with my ability to participate in most aspects of the prosecution of my lawsuit. The combined effect of the pain and the medication is such that I am presently unable to fully concentrate and think coherently for any sustained period.

14. Based on what I have been told by my physicians, I expect to be on pain medication for an indeterminate period of time after my surgery, the length of which will depend on the progress of my recovery. While Dr. Rand is hopeful

that the surgery will significantly reduce my pain level, and the consequent need for pain medication, he cannot give me an estimate until after the surgery how long it will take for that to happen.

15. My attention for the next several weeks is expected to be on my pre-surgery testing and preparation for my surgery. For this additional reason, I am currently unable to focus my attention on matters related to this litigation.

16. During the time I am hospitalized and in the rehabilitation center if that proves necessary, my ability to communicate with my counsel will be significantly limited due to my pain level and the medications prescribed to control it, and also due to my restricted ability to communicate and my inability to travel.

17. For an indeterminate period of time after my surgeries, I will be required to participate in aftercare and rehabilitative programs. These programs will consume a significant period of my time, and will require my full attention in order to obtain the expected benefits of my surgeries. As a result, for a indeterminate period of time after my surgeries, I do not expect to be able to participate with and assist my counsel in matters related to this litigation.

________________________
Charles Mauti

**Notary Certificate**

Subscribed and sworn before me this 17th day of January, 2007.

________________________
Notary Public
My commission expires: 7/18/09