**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CHARLES MAUTI,**

**v.**

**LAUREN MATARESE, *ET AL.***

**CA NO. 06-61T**

**EXPEDITED CONSIDERATION REQUESTED**
**[LR CIV 9]**

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PREVENT TAKING OF HIS DEPOSITION NOTICED FOR JANUARY 26, 2007**

Plaintiff Charles Mauti requests that the Court enter an Order preventing defendants from taking his deposition which they have scheduled for January 26, 2007. Plaintiff relies on the attached Memorandum of Law, and on the Affidavit filed in support of his previously filed Motion for Extension of Discovery Deadline. A copy of that Affidavit is attached to this Motion as Exhibit A.

Because the Notice of Deposition schedules Plaintiff's deposition for January 26, 2007, Plaintiff asks that the Court consider this Motion on an expedited basis pursuant to Local Rule 9.

Charles Mauti
By his Attorneys,

/s/ John P. Gyorgy
John P. Gyorgy No. 3560
John R. Harrington No. 7173
Noel & Gyorgy LLP
50 South Main Street
Providence, Rhode Island 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com
JRHarrington@LawNoel.com

**Certification**

I hereby certify that on January 17, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy_______________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CHARLES MAUTI,**

**CA NO. 06-61T**

**LAUREN MATARESE, *ET AL.***

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

As set forth in detail in Plaintiff's Motion to Extend Discovery Deadline, Plaintiff Charles Mauti is scheduled to undergo two stage series of spinal surgeries as a result of degenerative disc disease in his back. He will be hospitalized in Boston from January 26th through the end of February, and may have to stay in Boston longer if, following the surgery, his doctor considers a stay at a residential rehabilitation facility advisable in order to facilitate his recovery.

Despite being advised on January 12th of the nature of the surgery and of the January 26th date of the first operation, defense counsel has issued a Notice of Deposition scheduling Mr. Mauti's deposition on that date. Since the Notice of Deposition was not filed through the Court's ECF system, and was mailed rather than sent by fax, it was not received by Mr. Mauti's counsel until January 17th. The Notice and counsel's transmittal letter are attached as Exhibit B.

Following the deposition of defendant Lauren Matarese on January 12, 2007, counsel discussed Mr. Mauti's surgery and hospitalization and its effect on the timing of his deposition. Defense counsel expressed concern that the one month extension of the discovery deadline from February 15th to March 15th might not leave sufficient time, given the length of Mr. Mauti's hospitalization and the uncertainty until after the surgery

regarding how long a period of post-operative recovery and rehabilitation will be necessary. Mr. Mauti's counsel indicated at that time that Plaintiff would be filing a Motion for an additional extension of the discovery deadline based on the information Mr. Mauti had been given at his pre-surgery appointment in Boston on January 9th, and would be requesting an extension of time beyond the March 15th date ordered by the Court in response to the defendants own Motion to Extend.

Based on that information, which is set out in some detail in Mr. Mauti's Affidavit, Plaintiff has filed a Motion to Extend the discovery deadline to June 1, 2007. For the reasons discussed in the Memorandum in support of that Motion, Plaintiff agrees that the March 15th discovery cutoff date may prove unrealistic, both in terms of the need to give the defendants an opportunity to take his deposition and in terms of his ability to participate in the other discovery yet to be taken. Mr. Mauti's current condition, however, and his need to concentrate on preparing for his surgery and extended hospital stay in Boston, prevent him from giving his deposition next week, much less on the date of his surgery on January 26th.

Defense counsel was told as much during the discussion on January 12th, and was specifically asked to call Plaintiff's counsel before issuing a deposition notice for Mr. Mauti. Not only did he fail to make a telephone call despite that request, but he issued the Notice of Deposition for the day of surgery, and then failed to use the ECF filing system or fax the Notice to Plaintiff's counsel, either of which would at least have allowed the issue to be addressed without the need to request expedited consideration by the Court and without interrupting preparation of the Plaintiff's response to the pending summary judgment motion.

For these reasons, Plaintiff requests that the Court grant his Motion for a Protective Order providing that his deposition not be taken on or prior to January 26, 2007.

Charles Mauti
By his Attorneys,

/s/ John P. Gyorgy
John P. Gyorgy No. 3560
John R. Harrington No. 7173
Noel & Gyorgy LLP
50 South Main Street
Providence, Rhode Island 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com
JRHarrington@LawNoel.com

**Certification of Counsel**

Pursuant to Rule 26(c), I certify that I conferred with counsel for the defendants regarding the scheduling of the Plaintiff's deposition in this action in an effort to resolve the issue without the need for action by the Court.

/s/ John P. Gyorgy

**Certification**

I hereby certify that on January 17, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy_______________