MJC:ljc 6615/8 \pleading\66158ResponseReDiscoveryMotion

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY CLOSING DATE**

Now come the defendants, in response to the plaintiff's motion to extend the discovery closure date to at least June 1, 2007,[1] and note that they do not object to the plaintiff's motion. Indeed, in light of the sworn-to incapacity of the plaintiff, the defendants would be severely prejudiced without the extension and therefore, urge this Court to grant the same. In further support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci

[1] The plaintiff's motion indicates an extension date of June 15, 2007, whereas the supporting memorandum refers to a date of June 1, 2007.

MJC:ljc 6615/8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO THE PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY CLOSURE DATE**

The plaintiff has provided sworn testimony to the effect that, due to certain surgical procedures he will undergo beginning at the end of January, 2007, he will be hospitalized for the entire month of February with a resulting inability to participate in the prosecution of this lawsuit. He will likewise, for some yet to be determined period of time, be incapacitated during a rehabilitation period upon discharge in early March, 2007. Discovery is currently scheduled to close on March 15, 2007.

The plaintiff has not yet been deposed by the defense. If the defendants are unsuccessful in their motion for summary judgment, the defendants would have to depose the plaintiff and, no doubt, engage in some additional discovery based on the result of that deposition. The defendants' motion for summary judgment is grounded primarily on the doctrine of qualified immunity and, as such, the defense has sought to avail itself of the primary benefits of qualified immunity (the avoidance of costs and expenses of litigation). Because of the unusual history surrounding the defendants' ability to get

their motion filed,[2] the defendants were not able to file their summary judgment motion as early as they originally desired, and the matter remains pending before this Court.

However, in light of the fact that the defendants' earlier request for an extension of the discovery closure date was only partially granted (to the current March 15, 2007 date), the defense was compelled to initiate more extensive discovery requests, beginning with the deposition of the plaintiff, on a date prior to the start of his surgical procedure. However, the plaintiff's sworn affidavit indicates that he does not have the mental capacity to participate in a deposition and the plaintiff has, in fact, moved for a protective order to prevent the taking of his deposition during the remainder of this month of January, 2007.

In light of the plaintiff's sworn affidavit testimony, the defendants will concede that he is probably entitled to a protective order, which would effectively mean that the defendants will have no opportunity to depose the plaintiff within the current discovery period. Nor would the defense fare any better if the protective order was denied because the plaintiff's affidavit testimony has all but created a fool proof exculpatory explanation for any adverse testimony that the defense might obtain at his deposition. The same would be true for a deposition of the plaintiff during his yet to be determined recovery period following the two surgical procedures.

Accordingly, and in light of the substantial prejudice that would result to the defense if the plaintiff's motion were not granted, your defendants do not object to the same and, indeed, are compelled to urge the Court to grant the same.

---

[2] This history has been documented in prior proceedings, most notably the defendants' motion to extend the discovery closure date.

Respectfully submitted,

DEFENDANTS,
By their attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci