MJC:mes 6615/8 \pleading\66158replymemo.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff has not created a legitimate dispute about any of the ***material*** facts that are necessary for the Court to decide this matter as a matter of law. At the very outset of the plaintiff's statement of disputed material facts, he takes issue with the defendants' statement of undisputed fact number 4 (that the plaintiff was not in possession of a ***Rhode Island*** driver's license and that he was not a licensed ***Rhode Island*** driver) by responding that he had an Arizona license. As such, it remains undisputed that, at the time of his stop, the plaintiff did not have and never had a Rhode Island license. It is equally undisputed that while that he had been a Rhode Island resident for upwards of 10 years, he had never applied for a Rhode Island license until he was taken to the Registry of Motor Vehicles, after his arrest, by defendant Matarese. As such, he was, at least arguably, in violation of R.I.G.L. §31-11-18 ~~a~~ Rhode Island misdemeanor offense.

That statute, does not just cover suspended or revoked licenses (as the plaintiff's memoranda would lead one to believe). Rather, by its express terms, it makes it a misdemeanor offense to operate in this state without a valid license or without ever having applied for one. Given the "residency" requirements of R.I.G.L. §31-10-1 (as outlined in the defendants' initial memoranda) a valid license for a Rhode Island resident of greater than 30 days can only be a Rhode Island license because such a resident must obtain a Rhode Island license to operate a vehicle here and cannot, at the same time, possess a license from any other jurisdiction and must, indeed, surrender such license to the Rhode Island Division of Motor Vehicles.

Likewise, plaintiff attempts to create a factual dispute with regard to the actions of the

construction worker who flagged down defendant Matarese. Plaintiff attempted to do that by purporting to show that Matarese's description of the same in her affidavit contradicts earlier descriptions given by her when she stopped the plaintiff, when she drafted her police report and when she spoke to plaintiff's criminal defense counsel. However, all of those examples include Matarese noting the construction worker motioning her and/or pointing to her about the plaintiff's vehicle, and, as such, corroborate, rather than contradicts her assertions as to the construction worker. Her interpretations of what the worker was trying to communicate are explained in her affidavit and it merely supplements rather than contradict, the prior statements which, of course, were not done in support of a motion for summary judgment. Of greater significance, however, is the fact that the plaintiff has not contradicted, and cannot, with anything other than pure conjecture, her interpretation of what, to most police officers, would be a simple "flag down" by a civilian, which gave her reasonable suspicion about a potential problem with the operation of the plaintiff's vehicle in this construction zone. Rhode Island has procedures in place to restrict and penalize the method of operation of vehicles in construction zones, such as R.I.G.L. §31-14-3 (conditions requiring reduced speeds) and §31-14-12.1 (which provides for double penalties of violations within construction zones).

Likewise, the plaintiff goes on to raise many issues in an attempt to create factual disputes. However, most, if not all of these attempts deal with matters which are not ***material*** factual issues. Beyond that, the plaintiff's statement of disputed facts does nothing more than state arguments.

Plaintiff's memorandum argues that the defense is relying upon Rhode Island case law which has been overruled by the United States Supreme Court, in regards to the ability of police officers to randomly stop motor vehicles for no purpose other than to check on their license and registration. The defense does not rely on such an argument. The defendants' memorandum clearly states the well recognized requirement for a reasonable and articulable suspicion necessary for an investigatory stop as encompassed both by Rhode Island and Federal law. Once that stop is made, Rhode Island bestows the unfettered right upon the police to check for proper licensing of the operator. The defense does not believe that the plaintiff is contesting that right, but, to the extent that he is, R.I.G.L. §31-10-27 requires motorists to carry their license and produce the same upon demand by a police officer.

The plaintiff also takes issue with defendant Matarese's assertion that she had originally

intended to charge him under R.I.G.L. §31-11-18 but ultimately decided on R.I.G.L. §31-10-1 because it would be easier for him to resolve that charge. By way of footnote (FN1 @ p. 6) in their memorandum, the defendants stated that they were not basing their argument on her original intent to charge under R.I.G.L. §31-11-18 ~~in~~ order to avoid creating a potential factual issue. The defendants' argument does not depend upon that being true or not true. The fact that R.I.G.L. §31-11-18 covers the conduct of the plaintiff is all that is necessary to decide the *related crimes defense*. However, the fact that the reference to that statute appears only on the finger print card was well explained by Matarese at her deposition, where she testified that the finger print card was done first, before her final decision on what the charge would be. See Exhibits 2 and 3. Therefore, it only stands to reason that the charging documents, as well as the police report, would refer to the actual offense charged, i.e. R.I.G.L. §31-10-1. Moreover, the undisputed facts further support Matarese, in that it was much easier for the plaintiff to resolve that charge. Indeed, she assisted him in doing that the very same day of the arrest.

The plaintiff has also raised the doctrine of judicial estoppel to preclude the defendants from relying on upon R.I.G.L. §31-11-18 to support the *related crimes defense*. The judicial estoppel doctrine has no applicability in the case at bar. The defendants have never taken a position contrary to the position they take with regard to the *related crimes defense*. Indeed, at the first voluntary meeting of counsel, in late March, 2006, the very issue was raised by defense counsel, who presented plaintiff's counsel with a copy of the *Sheehy* case on that very issue. Defense counsel has made the same argument in conferences that have been held with the Court.

To support the estoppel argument, the plaintiff attempts to use the arguments made before Magistrate Judge Almond on October 13, 2006, which related to discovery matters wherein the plaintiff wanted records of citations issued by Westerly police officers for any type of motor vehicle infraction. The defense thought such requests were over broad and irrelevant and indeed they were. However, in the very same proceeding, defense counsel made identical arguments regarding R.I.G.L. §31-11-18 as are made in the pending motion for summary judgment, see Exhibit 1 - Almond transcript at pages 37-39. Accordingly, there is nothing inconsistent about the positions taken by the defense and the legal theories presented. If anything, they have been redundant and repetitive.

The plaintiff has not raised any issues of ***material*** fact that would prohibit this Court from

deciding the summary judgment motion on its merits. Those material facts can essentially be stated as follows. On the morning in question, Matarese was "flagged down" by a construction worker who brought her attention to the plaintiff's vehicle as he was driving through an active construction zone. She interpreted the workers' gestures sufficient indicia of suspicion justifying her stop of the plaintiff for a potential motor vehicle infraction. The plaintiff was a several year resident of the State of Rhode Island at that time. The plaintiff did not have a Rhode Island operator's license and had never applied for one. That conduct caused Matarese to arrest him. He was charged under R.I.G.L. §31-10-1.

DEFENDANTS,
By their Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 1/24/07 to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci