# EXHIBIT

# ONE

MJC:jlb 6615/8 \pleading\66158requests

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | ) | |
| | ) | |
| VS. | ) | C.A. NO. 06-61T |
| | ) | |
| LAUREN MATARESE, ET AL | ) | |

**REQUEST FOR PRODUCTION DATED JUNE 27, 2006**

Defendants, pursuant to Rule 34(b), hereby requests the plaintiff to produce true copies of the following documents within thirty (30) days from the date hereof:

1. Any and all medical reports and bills from all physicians, hospitals or other medical institutions who have treated, examined or been consulted.

2. Any and all photographs taken of the parties or the scene of the alleged incident.

3. Any and all repair bills or estimates for the alleged property damage.

4. Any and all documents reflecting wage loss, disability or loss of capacity to earn.

5. Any and all documents which reflect the nature of the criminal charges as well as the disposition of said criminal charges that were brought against you as a result of the incident that gave rise to this litigation.

6. Any and all copies of tape recordings or transcripts of any of the criminal proceedings relating to the criminal charges lodged against the Plaintiff. If there are no such tapes or transcripts, kindly so indicate.

7. Any and all copies of witness statements that the Plaintiff obtained during the course of pre-trial discovery for the criminal case from the prosecuting authority.

8. To the extent not provided above, any and all pre-trial discovery material that the Plaintiff received during the course of the criminal proceedings from the prosecuting authority.

9. To the extent not included above, all documents, judgments, and the like, which indicate the final disposition of the charges levied against the plaintiff.

10. A copy of the complaint and any answers thereto in the plaintiff's action filed against the Westerly Sun Newspaper.

11. Any and all correspondence, both pre and post suit, by and between the parties and/or their representatives as it relates to the plaintiff's action against the Westerly Sun.

12. A copy of any other complaints for any actions filed by the plaintiff within the last five (5) years and/or which were pending within the last five (5) years.

13. Any and all civilian complaints, complaints of misconduct, letters of protest, and the like filed within the last ten (10) years with any Human Rights Commission, Governmental Agency and/or the ACLU relating to the chief and/or any members of the:

a. Hopkinton Police Department;
b. The Westerly Police Deparmtnet; and
c. Any other law enforcement agency.

14. The last application made by the plaintiff for the renewal of his Arizona driver's licence.

15. The last renewal application form, sent to the plaintiff, from the State of Arizona, regarding his Arizona driver's licence.

16. Any notices of revocation, expiration and/or non-renewal of the plaintiff's Arizona driver's licence, received at any time prior to the incident complained of in this action.

17. Any and all correspondence sent by or on behalf of the plaintiff, and any responses thereto, regarding alleged mistreatment of the plaintiff by the Town of Hopkinton, its police chief and/or any other of its employees.

DEFENDANTS,
By Their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 6/29/06 to:

John Gyorgy, Esq.
Noel & Gyorgy
50 South Main Street
Providence, RI 02903

Jessica Beaudry

# EXHIBIT

# TWO

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI,

**Plaintiff**

v. CA NO. 06-61T

LAUREN MATARESE, ET AL.,

**Defendants**

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

1. These documents were produced as part of plaintiff's initial disclosures.
2. None.
3. No property damage is alleged.
4. Other than the medical records previously produced, none.
5. These documents were produced as part of plaintiff's initial disclosures.
6. None.
7. None other than the report filed by defendant Matarese, which was produced as part of plaintiff's initial disclosures.
8. These documents were produced as part of plaintiff's initial disclosures.
9. These documents were produced as part of plaintiff's initial disclosures.
10. Copies of these documents will be produced.
11. These documents will be made available for inspection by defendant's counsel.
12. A copy of the Amended Answer and Counterclaims in Town of Westerly v. Charles Mauti and Patricia Pezzullo, WC No. 2001-206, will be produced.

13. A copy of the Memorandum dated February 22, 2002, sent by Mr. Mauti to the Hopkinton Town Council will be produced.

14. Plaintiff does not have a copy of this document.

15. Plaintiff does not have a copy of this document.

16. No such documents exist.

17. Objection. With the exception of the document referenced in response to Request 13, the request calls for documents that are themselves irrelevant and are not likely to lead to the discovery of any relevant evidence.

Charles Mauti
By his Attorneys,

John P. Gyorgy 3560
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com

## Certification

I hereby certify that on the 19th day of August, 2006, I sent a copy of the foregoing document to the following counsel of record, first class postage prepaid:

Michael Colucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

# EXHIBIT

# THREE

O&P

OLENN & PENZA

ATTORNEYS AT LAW - LLP

October 19, 2006

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

Re: Westerly by Mauti
Our File No. 6615/8

Dear John:

Now that it looks like this case will be expanding and that I will still be in it in some fashion, I must now follow up on some outstanding issues related to your responses to my initial request for production and interrogatory questions. Please note the following which is my good faith effort to resolve this, short of a motion to compel.

**Request for Production:** (Courtesy copy enclosed)

No. 1. Medicals - I need to at least have a list of what was produced, or, if easier for you, please send me the medicals again in beta stamped fashion.

No. 11. Westerly Sun Correspondence - Your response indicated it would be produced but it never was. Please do so now.

No. 13. See courtesy copy - You indicated that you would produce one memo. That has not yet been done, nor will that sufficiently comply with the request. Please provide all documents that are responsive and also respond to each sub-part (a,b, and c), even if the response is "none".

No. 14. Last Arizona Licence Application - Your response indicated you did not have a copy. However, your client is able to obtain the same. Please do.

No. 17. Hopkinton Correspondence - In light of all your recent arguments and intentions to amend, will you now withdraw this objection and produce the requested documents.

**Interrogatories:**

Unless you can confirm that you will not try to link any of the Westerly defendants to the alleged medical/emotional injuries sustained, then I must have this question answered as asked so that I know just what it is that your client is claiming relates to the claim.

Just referring to "medical records previously produced" does not suffice, especially when those records have never been itemized.

It is interesting that the remainder of Mauti's answers are so restricted to the specific allegations of the current complaint- something you took me to task for with my responses. Rather than muddy up the water with a motion to update all of the answers, I think it might be best to await your amended complaint before drafting additional questions or moving on the current ones. However, I still need you to respond to the matters addressed in this letter. I will wait a week or so to at least hear from you as to your intentions and whether or not a motion will be necessary.

Very truly yours,

Michael J. Colucci
*mjc@olenn-penza.com*

MJC:mjc \letters\66158Gyorgy4

# EXHIBIT

# FOUR

O&P

OLENN & PENZA

ATTORNEYS AT LAW - LLP

January 5, 2007

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

Re: Westerly by Mauti
Our File No. 6615/8

Via Fax 621-5688 and Regular Mail

Dear John:

Today, I received the executed copy of the stipulation outlined in my letter of November 3, 2006. Thank you for faxing that to me. As such, I have enclosed your copy of the NCIC manual.

I have also enclosed another copy of my letter of October 19, 2006, outlining certain discovery items still owed to me. You previously indicated that you needed more time to tend to this but, unless Judge Torres grants the motion to extend the discovery closure date, I really can not wait much longer to move on this.

Very truly yours,

Michael J. Colucci
mjc@olenn-penza.com

MJC:mjc66158gyorgy7.let
Enclosures

530 GREENWICH AVE WARWICK, RI 02886 PHONE (401) 737-3700 FAX (401) 737-5499 WWW.OLENN-PENZA.COM