**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CHARLES MAUTI,**

**v.** **CA NO. 06-61T**

**LAUREN MATARESE, ET AL.**

**PLAINTIFF'S OBJECTION**
**TO MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS**
**AND ANSWERS TO INTERROGATORIES**

For the reasons stated in the attached Memorandum in Support, Plaintiff Charles Mauti hereby objects to the Motions to Compel Production of Documents and Answers to Interrogatories filed by the Defendants.

Charles Mauti
By his Attorneys,

/s/ John P. Gyorgy
John P. Gyorgy No. 3560
John R. Harrington No. 7173
Noel & Gyorgy LLP
50 South Main Street
Providence, Rhode Island 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com
JRHarrington@LawNoel.com

**Certification**

I hereby certify that on April 23, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CHARLES MAUTI,**

**vi.** **CA NO. 06-61T**

**LAUREN MATARESE, ET AL.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES**

This Memorandum is submitted in support of Plaintiff Charles Mauti's Objections to the defendants' Motions to Compel Answers to Interrogatories and to Compel Production of Documents, both filed April 5th.

Both Motions should be denied for the following reasons.

**Document Requests**

**Request 1:** In early June of 2006, without being asked, the Plaintiff provided defense counsel with complete copies of the then-available medical records pertaining to his hospitalization for stress-related cardiac problems earlier that spring and subsequent treatment for that and other stress-related problems. Apparently not satisfied with the Plaintiff's copies, six months later defense counsel went to the unnecessary trouble of issuing deposition notices and subpoenas *duces tecum* to the same medical providers whose records Plaintiff had already given him. He then sent unsolicited copies of their responses to Plaintiff's counsel with a bill for copying documents that, with the exception of maybe ten pages, Plaintiff had given him six months earlier.

It is not quite clear what defendants are now seeking by this Motion. The documents as produced by the Plaintiff last May *were* each stamped with date and page number. Plaintiff's counsel assumes is the "beta" (*sic*) stamping the Motion refers to.

While complaining that the documents produced should have been categorized, no hint is given of how that should have been done, much less any authority offered for requiring the Plaintiff to do it. The Federal Rules of Civil Procedure do not authorize defense counsel to compel the Plaintiff to act as his paralegal.

**Request 11:** Mr. Mauti has a pending action in Washington County Superior Court against the publisher of The Westerly Sun and others, for libel and related claims. While this request for counsel's correspondence file pertaining to that lawsuit was probably objectionable on grounds of relevance, among others, the response invited defense counsel to come over and see for himself whether there was anything in it conceivably relevant to the claims pending before this Court. He never made any attempt to do so; nor did he ever request that a copy of the file be made at defendants' expense. Instead he filed this Motion, including with it his certification that he conferred with Plaintiff's counsel in a good faith effort to avoid involving the Court. Hardly.

If the request made by the Motion that "the plaintiff be compelled to make copies and forward them to the defendants" means that counsel's entire correspondence file in an unrelated action is to be copied at *Plaintiff's* expense, Plaintiff objects. If defense counsel is willing to pay, he could and should have picked up the telephone and said so, and he would have had the file months ago. Indeed, the rules oblige him to do that *before* filing a motion to compel.

**Request 13:** To the extent this request includes the Hopkinton police department or "any other law enforcement agency" other than the Westerly Police Department, it was and is clearly beyond the scope of allowable discovery. To the extent the request was made in anticipation of an amended complaint adding Chief Scuncio of the Hopkinton

Department, no such amended complaint has been filed. Even were that still an open question, this Court made clear last October that its discovery decisions would not be guided by "previews of coming attractions" but instead by the issues contained in the operative pleadings on file. Memorandum and Order of October 16, 2006, at 2.

Because, however, the Plaintiff's response committed to provide a copy of Mr. Mauti's April 2002 Memorandum to the Hopkinton Town Council complaining about Chief Scuncio's abuse of the NCIC criminal information database, that document is attached to this Memorandum as Exhibit A.

**Request 14:** Absent some showing that the drivers license application in question is still available to anyone, and that (if so) it is ***not*** available to the defendants, no basis exists for the request that the Court order Mr. Mauti to try to get a ten year old document that he has told the defendants he does not have.

**Request 17:** As noted above (more than once), no amended complaint has been filed. Defense counsel is asking the Court to order discovery not even on the basis of "previews of coming attractions," but on the basis of "ongoing assertions" that stopped being "ongoing" months ago. The material is irrelevant to the claims in the case.

**Interrogatory Responses**

**Interrogatory 2:** As part of his initial disclosures in the spring 2006, Mr. Mauti provided to defendants copies of all of his medical records beginning in early 2005 and continuing through May. In response to this interrogatory seeking names and addresses of medical providers and details of treatment, Mr. Mauti's reference in his response to the previously produced records was entirely appropriate under Rule 33(d), and entirely responsive to the interrogatory. In the "Information Sought" section of the Memorandum

submitted with the Motion to Compel, the defendants are really complaining that the Plaintiff did not answer a question that they did not ask – nothing in Interrogatory 2 limited its scope to or asked the Plaintiff to address the issue of causation. It asked for names, addresses, dates and details of treatment, all information easily available from the records. The records provided were, by the way, consecutively numbered.

**Interrogatory 12:** Defense counsel sat through the same depositions of Westerly police officers that Plaintiff's counsel did, and is well aware that it was testimony from supervising patrol officers from Westerly that confirmed what Mr. Mauti suspected – testimony that his arrest by defendant Matarese was the result of her doing "a favor" for the Hopkinton police chief, John Scuncio. But as is clear from the correspondence which defense counsel attached to the Motions as satisfying his obligations under Rule 37 and this Court's Local Rules to confer prior to filing these Motions, those issues would only be relevant if the Complaint was amended to add those allegations.

As defense counsel is aware, the Complaint has *not* been amended, and those issues are *not* in this case. Having successfully resisted discovery concerning those very same issues on that very ground, the current motions are yet another of the repeated attempts to make discovery in this case a heads-I-win-tails-you-lose proposition. The Court should resist the invitation to play along.

**Interrogatory 14:** Without conceding in any way that his original response was inadequate under the Rules, the Plaintiff will provide a supplemental answer to this Interrogatory prior to the hearing on this Motion.

## Conclusion

For the reasons stated above, Plaintiff requests that the Court deny the Motions to Compel.

Charles Mauti
By his Attorneys,

/s/ John P. Gyorgy

John P. Gyorgy No. 3560
John R. Harrington No. 7173
Noel & Gyorgy LLP
50 South Main Street
Providence, Rhode Island 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com
JRHarrington@LawNoel.com

## Certification

I hereby certify that on April 23, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy