UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI,

CA NO. 06-61T

LAUREN MATARESE, *ET AL.*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY CLOSURE DATE AND MOTION FOR PROTECTIVE ORDER

Discovery in this case was originally scheduled to close on February 15, 2007. On January 10, 2007, the Court granted Defendants' unopposed Motion seeking a short extension for one month until March 15, 2007. Based on major back surgery scheduled for late January and February, Plaintiff Charles Mauti filed a Motion seeking an additional extension to June 1, 2007. Mr. Mauti's Motion was also unopposed. Following a hearing, the Court granted the requested extension.

In his first Motion Plaintiff indicated that if the progress of his recovery from the scheduled surgery required that he seek an additional extension of time, he would do so prior to May 11th. Because Mr. Mauti's current condition and the anticipated but still uncertain course of his recovery over the next several month substantially limit his daily activities generally, and specifically limit his ability to participate in the litigation (including providing deposition testimony), he asks that the Court extend the discovery closure deadline to September 1, 2007, and that the other scheduled dates and deadlines (including those set in the recently issued Pretrial Order) be reset accordingly.

Mr. Mauti's current condition is described in his Affidavit filed in support of this Motion, and summarized here.

Mr. Mauti has suffered from degenerative disc disease for approximately five years. In 1996, he underwent a surgical procedure known as spinal fusion, during which three vertebrae in his lower back were "fused" together in order to stabilize that portion of his spine. CM Aff. ¶ 2. Increasingly severe chronic back pain since the earlier surgery necessitated additional surgeries earlier this year, which were successfully performed in two stages in January and February. CM Aff. ¶ 3.

Following two major operations, Mr. Mauti is still in a substantial amount of pain on a daily basis. He continues to take Oxycodone, a narcotic drug similar to morphine, to reduce the pain. Side effects of the medication include nausea, vomiting, constipation, lightheadedness, dizziness, drowsiness, flushing, vision changes, and mental and mood changes. CM Aff. ¶ 7. The pain and the effects of the medication together substantially limit Mr. Mauti's ability to concentrate and think clearly for more than an hour or two at a time. *Id.*, ¶ 8.

In addition to that cognitive impairment, Mr. Mauti's physical activity is very limited. He can sit for only short periods, typically not more than an hour or two at a time. When he does sit, he is required to wear a brace that extends from his waist to his chest in order to keep his spine in a position that will allow proper healing of the affected vertebrae. The brace causes additional problems, however, since it presses on the surgical incisions, which have not yet healed completely. CM Aff. ¶ 9.

Finally, the ultimate success of Mr. Mauti's surgery and the duration of his recovery depend on his ability to concentrate his time, attention, and energy not on this litigation, but on the prescribed rehabilitation process. Mr. Mauti has only recently been cleared by Dr. Rand to take short walks or swim. But his instructions

are that as he is able, he is supposed to increase the amount of time he spends doing so. CM Aff. ¶ 10.

Simply put, without interfering with his efforts to recover from major surgery and risking his health, Mr. Mauti is not currently able to actively participate in this case, either in terms of assisting his own counsel, or by providing the deposition testimony that the defendants have requested and to which they are obviously entitled. Were he required to provide testimony despite his condition, the quality of that testimony would be questionable, given the effect of his pain and the medication he takes to reduce it. That would not be a fair result for either side.

For these reasons, Plaintiff requests that the Court grant his Motion for a Protective Order to prevent him from having to attend his deposition currently scheduled for May 7, 2007, and an Order extending the discovery closure date to September 1, 2007, and resetting the other outstanding deadlines in the case accordingly.

Respectfully submitted,

Charles Mauti
By his Attorneys,

/s/ John P. Gyorgy
John P. Gyorgy No. 3560
John R. Harrington No. 7173
Noel & Gyorgy LLP
50 South Main Street
Providence, Rhode Island 02903
(401) 272-7400
(401) 621-5688 (Fax)
JPGyorgy@LawNoel.com
JRHarrington@LawNoel.com

**Certification**

I hereby certify that on May 3, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John P. Gyorgy_______________