MJC:pac 6615/8 \pleading\66158MStay.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

**DEFENDANTS' MOTION TO STAY DISCOVERY AND TRIAL**

Now come the defendants and move to stay the trial of this matter along with any additional discovery initiated subsequent to the filing of this motion.

In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within by electronic mail this day to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci

MJC:pac 6615/8 \pleading\66158MemoLawMStay.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES MAUTI | : | |
| | : | |
| VS. | : | C.A. NO. 06-61T |
| | : | |
| LAUREN MATARESE, ET AL | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY AND TRIAL

On December 15, 2006, the defendants filed a motion for summary judgment which was based primarily on the doctrine of qualified immunity. Said motion was heard and decided by this Court on July 11, 2007. Said motion was granted with respect to the plaintiff's count for negligent training. However, the remainder of the motion was denied as it pertained to the plaintiff's claims for unlawful seizure/false arrest, as well as a state law claim of intentional infliction of emotional distress. The defendants have filed a notice of appeal seeking review of the denial of their entitlement to qualified immunity.

A denial of qualified immunity is one of the few interlocutory orders where an immediate appeal is permitted, *Hegarty v. Somerset County*, 25 F.3d 17 (1st Cir. 1994), citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985). A qualified immunity defense is an immunity from suit and the immediate appeal process allows for the fact that immunity from suit is effectively lost if a case is erroneously permitted to go to trial, *Id.* at 18. The immunity from suit includes "protection from the burdens of discovery, *Id.* As long as the appeal is not frivolous, then the stay of additional proceedings, including discovery, both of necessity, ordinarily must carry over through the appellate court's resolution of that (the immunity) question." *Id.*

Subsequent to this Court's ruling on the summary judgment motion, and prior to the filing of this motion to stay, both sides initiated limited discovery requests (deposition notices and requests for documents) on each other. Your defendants are not opposed to having the parties conclude those items since they have already been initiated. However, your defendants would request a stay for any

additional discovery items initiated subsequent to the filing of this motion. The vast majority of discovery, most of which was initiated by the plaintiff, has already been completed and should the appellate court affirm this Court's decision on the summary judgment motion, sufficient time would exist to complete whatever discovery remains.[1]

Likewise, your defendants certainly do not believe that their appeal is frivolous. One of the reasons for the Court's denial of the summary judgment was that it was not satisfied that enough description of the hand gesturing by the construction worker was proffered in the motion to allow the Court to conclude that the necessary reasonable suspicion for the initial stop had been shown, Tr. at p. 18-19. This Court noted that there could be a vast difference between a casual pointing at a line of cars and the construction worker who was much more animated about the actions about the subject vehicle, *Id*. These concerns of the Court were enunciated during its decision and not discussed during the argument phase of the hearing. However, upon review of the affidavit submitted by defendant Matarese, she did elaborate further on the gesturing of the construction worker, adding that "he appeared to be speaking broken English" and saying something to the effect of "that blue car, that blue car." She went on to state that the actions of the construction worker caused her (a police officer with greater than 20 years' experience) to suspect that there may have been some type of problem/motor vehicle infraction involving the plaintiff's vehicle.

Your defendants believe that the affidavit contains enough information to satisfy the relatively low level of reasonable suspicion necessary to initiate a motor vehicle stop. In that context, the question as to whether or not it is sufficient is more properly characterized as a question of law.

Likewise, this Court also questioned whether or not defendant Matarese had enough information, at the scene, to conclude that the plaintiff was, in fact, the same Charles Mauti whom she believed had been a resident of the State of Rhode Island for greater than 30 days (the time period required to trigger Rhode Island licensing requirements). *Id.* at p. 20-21. Your defendants believe, that the information provided in the supporting affidavit was sufficient, as a matter of law, to establish probable cause for Matarese to believe that these were one in the same person. In her affidavit,

[1] This assumes the plaintiff's ability (for health reasons) to continue to participate in discovery. The original discovery closure date had to be extended pending the plaintiff's recovery from significant medical maladies over much of the first half of year 2007.

Matarese stated that although she did not know Mr. Mauti, she did recognize his name as someone who had been living in the area for quite some time (plaintiff had been the building official for the neighboring town of Hopkinton, Rhode Island for nearly 10 years–an undisputed fact in this case). She began to question him as to why he was not producing a Rhode Island license. She went on to state in her affidavit that he gave various answers which did not appear forthright and that he ultimately indicated that he never got around to applying for one.

This Court went on to state that even if the facts were sufficient to support Matarese's belief that these were one in the same person, the defendants' interpretation of the two statutes involved, R.I.G.L. §31-10-1 and §31-11-18, was something that the Court disagreed with. The interpretation and applicability of those two statutes to the defendants' entitlement to qualified immunity is, again, a question of law.

Also of interest is this Court's reference to *Devenpeck v. Alford*, 543 U.S. 146 (2004) and its abrogating the reasoning behind the "related crimes defense" enunciated in *Sheehy v. Plymouth*, 191 F.3d 15. Admittedly, and embarrassingly, this writer was not familiar with the *Alford* decision at the time of the summary judgment hearing. However, upon review thereof, it is obvious that the *Alford* case provides even more protection (than the *Sheehy* rule) to officers who arrest on the wrong ground when probable cause did exist at the time of the arrest for a proper ground. The *Alford* decision is much more akin to Rhode Island's R.I.G.L. §12-7-5 which legitimizes a police officer's arrest made on an improper ground where an otherwise lawful cause of arrest did exist.

Accordingly, your defendants believe, and urge this Court to concur, that their appeal is not frivolous. Under the *Hegarty* rationale, this motion would, of necessity, then have to be granted.

Respectfully submitted,
DEFENDANTS,
By their Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within by electronic mail this day to:

John P. Gyorgy, Esq.
50 South Main Street
Providence, RI 02903

/s/ Michael J. Colucci