UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI,

Plaintiff

v. CA NO. 06-61T

LAUREN MATARESE, ET AL.,

Defendants

**PLAINTIFF'S LIMITED OBJECTION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND TRIAL**

Plaintiff Charles Mauti objects to the Defendants' Motion to Stay Discovery and Trial to the extent it seeks to stay some discovery and allow other discovery to continue pending their interlocutory appeal from the Court's July 12, 2007 Order granting in part and denying in part Defendants' Motion for Summary Judgment.

This Objection is based on the accompanying Memorandum of Law.

**Charles Mauti**
By his Attorneys,

/s/ John Gyorgy
John P. Gyorgy 3560
John R. Harrington 7173
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

## CERTIFICATION

I hereby certify that on August 27, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael J. Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John Gyorgy

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES MAUTI,

Plaintiff

vi. CA NO. 06-61T

LAUREN MATARESE, ET AL.,

Defendants

**PLAINTIFF'S LIMITED OBJECTION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND TRIAL**

In conjunction with their appeal of the Court's Order denying summary judgment on the qualified immunity defense, the defendants have filed a Motion seeking to stay further discovery initiated after the filing of the Motion, but permitting discovery initiated prior to the Motion to be completed.

Given the filing of the Notice of Appeal on August 9th, the Defendants do not need a stay of further discovery, since the appeal divests the District Court of jurisdiction and operates to prevent further proceedings (including discovery) until the appeal is decided. The Defendants' Motion unnecessarily anticipates the only applicable exception to that general proposition by asserting affirmatively that their appeal is not frivolous. Defendants' Memorandum of Law, at 2, citing *Hegarty v. Somerset County*, 25 F.3d 17 (1st Cir. 1994). Soon after *Hegarty*, the Supreme Court subsequently approved of the practice of allowing a District Court to certify that an appeal from an interlocutory order as frivolous, and to proceed with the case despite the filing of a notice of appeal, noting that it had "been embraced by several Circuits, . . ." *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996).

Plaintiff does not challenge the general proposition that orders denying motions for summary judgment based on assertions of qualified immunity are, “in limited instances,” immediately appealable under section 1291 of the Judicial Code. *Cruz-Gomez v. Rivera-Hernandez*, 444 F.3d 29, 33 (1st Cir. 2006). The First Circuit in *Cruz-Gomez* described the category of appealable orders as follows:

> [I]f the pretrial rejection of the qualified immunity defense is based on a "purely legal" ground, then the denial may be challenged through an interlocutory appeal. *Dwan v. City of Boston, 329 F.3d 275, 278 (1st Cir. 2003)*. What cannot be appealed is a district court's rejection of the defense based on the court's determination [*34] that "the pretrial record sets forth a 'genuine' issue of fact for trial."

*Id., quoting Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).

Defendant’s go on to argue in their Motion that this Court’s Order denying summary judgment on the qualified immunity defense was based on legal, not factual, issues. Whether that is true or not has nothing to do with whether the appeal can be certified as “frivolous” for purposes of allowing proceedings to continue in this Court despite the pendency of the appeal in the First Circuit. It has *everything* to do with whether the First Circuit has jurisdiction over the appeal. See *Behrens, supra,* 516 U.S. at 311 (distinguishing issues of “whether there is jurisdiction over the appeal, as opposed to whether the appeal is frivolous”). Plaintiff takes a different view of the nature of this Court’s Order, and reserves the right to raise the issue of appellate jurisdiction at the appropriate time and to the appropriate Court. For purposes of the Motion before this Court, the issue is irrelevant.

## Conclusion

In sum, unless and until this Court certifies the Defendants' appeal as frivolous, there is no need nor basis for seeking a stay. For that reason, Plaintiff requests that the Motion be denied.

**Charles Mauti**
By his Attorneys,

/s/ John Gyorgy
John P. Gyorgy 3560
John R. Harrington 7173
NOEL & GYORGY LLP
50 South Main Street
Providence RI 02903
(401) 272-7400
(401) 621-5688 (Fax)

## CERTIFICATION

I hereby certify that on August 27, 2007, I sent a copy of the foregoing document to the following counsel of record by electronic noticing through the Court's ECF system:

Michael J. Collucci, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick RI 02886

/s/ John Gyorgy